PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| CHARITABLE DAF FUND, L.P., AND CLO HOLDCO LTD., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND HCF ADVISOR, LTD., AND HIGHLAND CLO FUNDING, LTD. <br><br> Defendants. | § § § § § § § § § § § § § § <br><br> Case No. 3:21-cv-00842-B |

### DEFENDANT HIGHLAND CAPITAL MANAGEMENT L.P.'S OPPOSITION TO
### <u>MOTION TO STRIKE REPLY APPENDIX</u>

Defendant Highland Capital Management, L.P. ("Highland" or the "Debtor") respectfully submits this opposition to the Plaintiffs' *Motion to Strike Reply Appendix* [Docket No. 47] (the "Motion").

1. Plaintiffs seek an order striking the *Appendix in Support of Debtor's Reply in Support of the Debtor's Motion to Enforce the Order of Reference* [Docket No. 43] (the "Reply Appendix") which Highland filed concurrently with the *Debtor's Reply in Support of the Debtor's Motion to Enforce the Order of Reference* [Docket No. 42] (the "Reply"). Plaintiffs contend that the Reply Appendix should be stricken because (a) Highland was required to seek leave of Court before filing it, and (b) the Reply and Reply Appendix may not contain new evidence.[1]

2. The Court should deny the Motion. The filing of the Reply Appendix did not require Court approval because it does not contain new evidence, and it was appropriately introduced as rebuttal evidence. Moreover, inasmuch as the Reply Appendix is predominantly composed of documents filed on the docket in this action or in Highland's chapter 11 bankruptcy case, this Court can—and Highland requests the Court do so—take judicial notice of the pleadings and transcripts contained in the Reply Appendix. Plaintiffs cannot demonstrate any prejudice they would suffer as a result of the filing of the Reply Appendix.

3. This Court and other judges in the Northern District of Texas have interpreted the Local Civil Rules to generally preclude the filing of an appendix to a reply without obtaining a prior leave of court; however, the rule is not absolute, and appendices in support of a reply are allowed in "limited circumstances." In *Banda v. Owens Corning Corp.*, 2018 U.S. Dist. LEXIS 214844, at *9-11 (N.D. Tex. Dec. 21, 2018), this Court recognized that "[i]n most circumstances,

---

[1] As an alternative to striking the Reply Appendix, the Plaintiffs seek leave of the Court – not to file a sur-reply – but to have the Reply considered an amended Reference Motion (defined below) to which the Plaintiffs may respond with full briefing (requesting permission to file a "supplemental response brief") and evidence. Motion at 2-3. For the reasons set forth herein, Plaintiffs' alternative request for relief should be denied as well.

the Northern District of Texas local rules on summary judgment do not permit a party to submit additional evidence with a reply brief as a right" and that "a summary judgment movant 'may not file a reply brief appendix without leave of court. . . . And leave of court is available only under limited circumstances '[b]ecause the purpose of a reply brief is to rebut the nonmovant's response not to introduce new evidence." 2018 U.S. Dist. LEXIS 214844 at *9. "The Court's charge, then, is to determine whether this is one of those limited circumstances." *Id*.

4.  In the *Banda* case, this Court allowed the defendant's reply appendix on the basis that nothing contained therein "raise[d] new issues, legal arguments, or theories." The Court determined good cause was shown to allow the appendix to be considered, even though prior leave of court had not been sought. *Id.* (citing *Lynch v. Union Pac. R.R. Co.*, 2015 U.S. Dist. LEXIS 152674, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) (denying plaintiff's motion to strike and considering the defendant's reply evidence without it seeking leave "'[b]ecause Defendant's reply and related evidence are responsive to arguments raised and evidence relied on by Plaintiff in his summary judgment response," and was "not a situation in which a new issue was raised for the first time in a reply that would require the court to give him an opportunity to respond to Defendant's reply . . . or that would require the court to strike the reply"); *Lawson v. Parker Hannifin Corp.*, 2014 U.S. Dist. LEXIS 37085, 2014 WL 1158880, at *5-6 (N.D. Tex. Mar. 20, 2014) (recognizing that plaintiff failed to properly move for leave of court to include a reply appendix, but nevertheless considering it "in the interest of giving each party a full and fair opportunity to address the issue before the Court").

5.  The decision in *Murray v. TXU Corp.*, 2005 U.S. Dist. LEXIS 10298, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) is also instructive. There, Judge Solis denied the plaintiff's motion to strike defendants' reply brief and supplemental appendix because the contents

did not raise new arguments or legal theories, but instead was introduced for rebuttal purposes. As Highland demonstrates below, each of the items in the Reply Appendix is directly responsive to specific arguments made by the Plaintiffs, thus clearly constituting rebuttal materials only that do not raise new arguments or legal theories.

6. The inquiry into whether the limited circumstances exception applies is fact-specific. As set forth below, the Reply Appendix Exhibits are almost entirely comprised of publicly filed documents assembled for the convenience of the Court—not "new" evidence. Moreover, as set forth in the chart annexed hereto as **Exhibit A**, each of the twelve exhibits (the "Reply Appendix Exhibits") are being introduced for the purpose of rebutting specific arguments made by the Plaintiffs which are cross-referenced on an exhibit-by-exhibit basis and include testimony from hearings in which Plaintiffs actively participated. The exhibits break down as follows:

A. **Court Documents**

Most of the Reply Appendix Exhibits are documents filed in Highland's chapter 11 case or in this action and are publicly available on PACER. Exhibits 1, 10, and 11 are the (a) *Defendant Highland Capital Management L.P.'s Memorandum of Law in Support of Motion for an Order to Enforce the Order of Reference* (the "Reference Motion"); (b) *Plaintiffs' Response to Defendant Highland Capital Management, L.P.'s Motion for Order to Enforce the Reference* (the "Response"); and (c) the *Original Complaint*,[2] which are docket items 23, 36, and 1 respectively filed in this case. Exhibits 3 and 4 are docket items 2423 and 1943 in Highland's chapter 11 case,

---

[2] The *Original Complaint* is Exhibit 1 to the *Appendix in Support of Highland Capital Management, L.P.'s Motion for an Order to Enforce the Order of Reference*, which appears at docket no. 24 (the "Reference Motion Appendix"), and is also Exhibit 11 to the *Appendix in Support of Highland Capital Management, L.P.'s Motion to Dismiss the Complaint*, which appears at docket no. 28.

3

and Exhibits 2 and 6 are publicly available hearing transcripts. Exhibit 9 is docket item 497 in chapter 11 case no. 18-30264 of *Acis Capital Management, L.P., et al.*

B. **SEC Releases**

Exhibits 8 and 12 are publicly available SEC releases (the "SEC Releases") of the United States Securities and Exchange Commission ("SEC").

C. **Exhibit to Reference Motion Appendix**

Exhibit 5 is the *Summary of Dondero Entity Litigation* which was previously filed in this action as Exhibit 4 to the Reference Motion Appendix, and it has been updated to reflect additional information since the filing of the Motion.

D. **Plaintiff's Investment Advisory Agreement**

Exhibit 7 is an agreement containing a jury trial waiver that may not have been included in past court filings but in any event would not be new to the Plaintiffs. It is the *Second Amended and Restated Investment Advisory Agreement*, effective from January 1, 2017, to which Plaintiff Charitable DAF Fund, L.P., and its general partner Charitable DAF GP, LLC, are parties.

7. It is evident from the nature of these documents, most of which are on file publicly, that they do not constitute "new" evidence and are not introduced to support new arguments. Rather, as evidenced by Exhibit A, they are introduced to support specific rebuttals to the Plaintiffs' arguments and otherwise compile in one place the various pleadings filed in this action and the bankruptcy case for the convenience of the Court. Plaintiffs cannot possibly demonstrate any prejudice by the Court's consideration of these documents. Therefore, the Court should deny the Motion. *See Lynch v. Union Pac. R.R. Co.*, No. 3:13-CV-2701-L, 2015 WL 6807716, at *1 (N.D. Tex. Nov. 6, 2015) ("Because Defendant's reply and related evidence are responsive to arguments raised and evidence relied on by Plaintiff in his summary judgment response, this is not

4

a situation in which a new issue was raised for the first time in a reply that would require the court to give him an opportunity to respond to Defendant's reply before the court rules on the summary judgment motion, or that would require the court to strike the reply.  Plaintiff is correct that courts in the Northern District of Texas have held that, under the court's Local Civil Rules, leave must first be obtained to file an appendix in support of a reply to a motion.  The circumstances of this case, however, and in particular Plaintiff's request to delay briefing on Defendant's summary judgment motion to conduct discovery that he now relies on in his summary judgment response, justify granting Defendant leave to file its appendix in support of its reply.  To conclude otherwise would allow Plaintiff an unfair advantage in using a 'gotcha' procedural approach.")

**Request for Judicial Notice**

8.      In the alternative, given the nature of the documents, the Court may take judicial notice of the pleadings, exhibits, and transcripts contained in the Reply Appendix and consider them on that basis as well.

WHEREFORE, Highland respectfully requests that the Court deny the Motion and grant it such further relief as the Court deems just and proper.

5

| | |
|---|---|
| Dated: July 20, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Robert J. Feinstein (NY Bar No. 1767805)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>          rfeinstein@pszjlaw.com<br>          jmorris@pszjlaw.com<br>          gdemo@pszjlaw.com<br>          hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

# **EXHIBIT A**

| # | Exhibit[1] | Basis for Exhibit |
|---|---|---|
| 1 | *Defendant Highland Capital Management, L.P.'s Memorandum of Law in Support of Motion for an Order to Enforce the Order of Reference*, Case No. 3:21-cv-00842-B, D.I. 23 (N.D. Tex. May 19, 2021) | This Exhibit is a brief filed on the District Court's docket in this matter. It is a legal citation and was included in the Appendix as a courtesy to the Court. |
| 2 | Hearing Transcript, June 8, 2021 | Plaintiffs assert in the Response that (i) they are not controlled by James Dondero, (ii) they are controlled by Mark Patrick, and (iii) Mr. Patrick's testimony in the Bankruptcy Case was "unchallenged." Response, pg. 1. The June 8 transcript contradicts Plaintiffs' statement. |
| 3 | *Debtor's Second Amended Witness and Exhibit List with Respect to Evidentiary Hearing to Be Held on June 8, 2021*, [Docket No. 2423][2] | Plaintiffs assert in the Response that (i) they are not controlled by James Dondero, (ii) they are controlled by Mark Patrick, and (iii) Mr. Patrick's testimony in the Bankruptcy Case was "unchallenged." Response, pg. 1. The excerpts of Grant Scott's deposition testimony attached to this Exhibit were admitted in the Bankruptcy Case as testimonial evidence and contradict Plaintiffs' assertions regarding Mr. Patrick and Mr. Dondero. |
| 4 | *Order Confirming the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P. (as Modified) and (ii) Granting Related Relief* [Docket No. 1943] | The Debtor cited this Exhibit in the Memorandum for, among other things, the proposition that the Bankruptcy Court had ruled, as a factual matter, that Mr. Dondero was coordinating the efforts of his related entities to "burn down the Debtor." The Debtor cite exact the same provisions of this Exhibit in the Reply for the exact same proposition, *i.e.*, Mr. Dondero and his related entities' coordinated efforts to "burn down the Debtor." |
| 5 | Summary of Dondero Entity Litigation | The Debtor included a prior version of this Exhibit in the Appendix to the Memorandum. This Exhibit simply updates the prior Exhibit previously filed with the Court. |
| 6 | Hearing Transcript, June 25, 2021 | Plaintiffs assert in the Response that (i) they are not controlled by James Dondero, (ii) they are controlled by Mark Patrick, and (iii) Mr. Patrick's testimony in the Bankruptcy Case was "unchallenged." Response, pg. 1. The June 25 transcript contradicts Plaintiffs' statement. |
| 7 | *Second Amended and Restated Investment Advisory Agreement*, effective from January 1, 2017 | This Exhibit governs the relationship between the Debtor and the DAF and forms the basis of the Debtor's "obligations" to the DAF under the Advisers Act as alleged by Plaintiffs in the Complaint and as asserted as a basis for mandatory withdrawal under 28 U.S.C. § 157(d) in the Response. *See, e.g.,* Complaint, ¶ 11; Response, pg. 4-6. This |

---

[1] All capitalized terms used but not defined herein have the meanings given to them in *Debtor's Reply in Support of Debtor's Motion to Enforce the Order of Reference*, Case No. 3:21-cv-00842-B, Docket No. 42 (N.D. Tex. July 13, 2021).

[2] Unless otherwise indicated, all docket reference numbers refer to the docket maintained by the Bankruptcy Court.

|    |    |    |
|----|----|----|
|    |    | Exhibit also includes the jury trial waiver raised for the first time by Plaintiffs in the Response.  Response, pg. 5. |
| 8 | *Commission Interpretation Regarding Standard of Conduct for Investment Advisers*, Release No. IA-5248; File No. S7-07-18, Effective July 12, 2019 | Exhibit is a publicly available release from the Securities and Exchange Commission, which supports the Debtor's legal argument.  It is a legal citation and was included in the Appendix as a courtesy to the Court. |
| 9 | *In re Acis Capital Management, L.P., et al*, Case No. 18-30264-sgj11, D.I. 497 (Bankr. N.D. Tex. Aug. 13, 2018) | This Exhibit is a brief filed on the docket for the U.S. Bankruptcy Court for the Northern District of Texas, Dallas Division, in the Acis bankruptcy.  It is a legal citation and was included in the Appendix as a courtesy to the Court. |
| 10 | *Plaintiffs' Response to Defendant Highland Capital Management, L.P.'s Motion for an Order to Enforce the Order of Reference*, Case No. 3:21-cv-00842-B, D.I. 36 (N.D. Tex. June 29, 2021) | This Exhibit is a brief filed on the District Court's docket in this matter.  It is a legal citation and was included in the Appendix as a courtesy to the Court. |
| 11 | *Original Complaint,* Case No. 3:21-cv-00842-B, D.I. 1 (N.D. Tex. Apr. 12, 2021) | This Exhibit is a brief filed on the District Court's docket in this matter.  It is a legal citation and was included in the Appendix as a courtesy to the Court. |
| 12 | *Prohibition of Fraud by Advisers to Certain Pooled Investment Vehicles*, Release No. 2628 (Aug. 3, 2007) | Exhibit is a publicly available release from the Securities and Exchange Commission, which supports the Debtor's legal argument.  It is a legal citation and was included in the Appendix as a courtesy to the Court. |

DOCS_NY:43703.3 36027/002