IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CHARITABLE DAF FUND, L.P. <br> and CLO HOLDCO, LTD., <br> *directly and derivatively,* <br> <br> *Plaintiffs,* <br> <br> v. <br> <br> HIGHLAND CAPITAL MANAGEMENT, <br> L.P., HIGHLAND HCF ADVISOR, LTD., <br> and HIGHLAND CLO FUNDING, LTD., <br> *nominally,* <br> <br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> <br> <br> CAUSE NO. 3:21-cv-00842-B |

# PLAINTIFFS' MOTION TO STAY ALL PROCEEDINGS

## I.

## NECESSITY OF MOTION

Plaintiffs submit this Motion as a result of the effective date, August 11, 2021, of Defendant Highland Capital Management L.P.'s Chapter 11 plan of reorganization (the "Plan"). The Plan purports to exculpate Defendants from liability and enjoin Plaintiffs from pursuing actions against them. It also contains an assertion of exclusive jurisdiction by the bankruptcy court.

An appeal of the Plan, which the Fifth Circuit certified for direct appeal under 28 U.S.C. § 158(d), is now before the Court of Appeals and captioned *In re Highland Capital Management, L.P.*, No. 21-10449 (the "Fifth Circuit Appeal"). Each of the issues noted above is raised in the appeal. If successful, the appeal will overturn the exculpation, injunction, and assertion of exclusive jurisdiction in the Plan, allowing Plaintiffs to proceed with this action in this Court.

In the meantime, however, Plaintiffs are enjoined from participating further in this pending case and therefore ask that it be stayed pending the outcome of the Fifth Circuit Appeal.

## II.

## BACKGROUND

On August 9, 2021, Plaintiffs received notice that the Plan was now effective. *In re Highland Capital Management, L.P.*, No. 19-34054, Doc. 2700. Although one condition precedent to the effectiveness of the Plan is finality of the confirmation order, which can only happen once all appeals are resolved, that and all other conditions are waivable by the Debtor. *Id.*, Doc. 1943 at pdf 142-43 (Art. VIII at pp. 45-46). The Debtor's notice, which waived finality and any other unsatisfied conditions, makes the Plan's exculpation provisions and injunctions immediately effective.

As to exculpation, the Plan states,

> Subject in all respects to ARTICLE XII.D of this Plan, to the maximum extent permitted by applicable law, <u>no Exculpated Party will have or incur, and each Exculpated Party is hereby exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for conduct occurring on or after the Petition Date</u> in connection with or arising out of (i) the filing and administration of the Chapter 11 Case; (ii) the negotiation and pursuit of the Disclosure Statement, the Plan, or the solicitation of votes for, or confirmation of, the Plan; (iii) the funding or consummation of the Plan (including the Plan Supplement) or any related agreements, instruments, or other documents, the solicitation of votes on the Plan, the offer, issuance, and Plan Distribution of any securities issued or to be issued pursuant to the Plan, including the Claimant Trust Interests, whether or not such Plan Distributions occur following the Effective Date; (iv) the implementation of the Plan; and (v) any negotiations, transactions, and documentation in connection with the foregoing clauses (i)-(iv); *provided*, *however,* the foregoing will not apply to (a) any acts or omissions of an Exculpated Party arising out of or related to acts or omissions that constitute bad faith, fraud, gross negligence, criminal misconduct, or willful misconduct or (b) Strand or any Employee other than with respect to actions taken by such Entities from the date of appointment of the Independent Directors through the Effective Date. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, any other applicable law or rules, or any other provisions of this Plan, including ARTICLE IV.C.2, protecting such Exculpated Parties from liability.

*Id.* at pdf 144-45 (Art. IX.C at pp. 47-48 (emphasis added)). "Exculpated Parties" is a defined term in the Plan that includes the Defendants in this action. *Id.* at pdf 106 (Art. I at p. 9).

As to the injunction, the Plan states,

> Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, <u>all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, with respect to any Claims and Equity Interests, from directly or indirectly (i) commencing, conducting, or continuing in any manner any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor,</u> (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.
>
> The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation SubTrust, and the Claimant Trust and their respective property and interests in property.
>
> Subject in all respects to ARTICLE XII.D, no Enjoined Party may commence or pursue a claim or cause of action of any kind against any Protected Party that arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the business of the Debtor or Reorganized Debtor, the administration of the Claimant Trust or the Litigation Sub-Trust, or the transactions in furtherance of the foregoing without the Bankruptcy Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, but not limited to, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Protected Party and (ii) specifically authorizing such Enjoined Party to bring such claim or cause of action against any such Protected Party; provided, however, the foregoing will not apply to a claim or cause of action against Strand or against any Employee other than with respect to actions taken, respectively, by Strand or by such Employee from the

> date of appointment of the Independent Directors through the Effective Date. The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.

*Id.* at pdf 147-48 (Art. IX.F at pp. 50-51 (emphasis added)). "Enjoined Parties" is a defined term in the Plan that includes Plaintiffs. *Id.* at pdf 105 (Art. I; ¶ 56 at p.8).

Because these provisions are currently in force and prohibit Plaintiffs from continuing this action, and because the Fifth Circuit Appeal includes direct challenges to the validity of these very provisions, Plaintiffs respectfully submit that the most efficient course of action is for this Court to stay this action until the Fifth Circuit Appeal is resolved. Plaintiffs expect that any resolution of the Fifth Circuit Appeal will necessarily determine that the Plan's exculpation and injunction provisions absolve Defendants of any liability or, alternatively, that this action can proceed.

## III.

## ARGUMENT

This Court should exercise its inherent powers to stay all proceedings in the case until the Fifth Circuit Appeal is decided.

The Fifth Circuit has long held that "[t]he district court possesses the inherent power to control its docket." *Marine Chance Shipping v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). The exercise of that power is a discretionary one. *E.g., Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.")

Here, Plaintiffs ask this Court to exercise discretion in favor of efficiency and to stay all proceedings. Plaintiffs respectfully submit that, until the appeal is resolved, many complex legal questions exist that may affect the viability of this action or the forum in which it should be

litigated. Those questions—including the validity of the exculpation and injunction provisions quoted above—will likely be resolved by the Fifth Circuit Appeal. And therefore, Plaintiffs submit, judicial economy may be gained by staying all proceedings in this action pending that appeal.

## IV.

## CONCLUSION

Plaintiffs appear to be wholly prohibited from participating further in this action by the now-effective terms of the Plan that purport to enjoin Plaintiffs and exculpate Defendants. In light of their inability to conduct the litigation and the pending Fifth Circuit Appeal, which that court has certified for direct appeal, Plaintiffs respectfully submit that the most appropriate course for this Court is to stay all proceedings until the appeal is decided. Plaintiffs therefore respectfully request a stay and all further relief to which they may be entitled.

Dated: August 26, 2021 

Respectfully submitted,

**SBAITI & COMPANY PLLC**

*/s/ Jonathan Bridges*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
JPMorgan Chase Tower
2200 Ross Avenue – Suite 4900W
Dallas, TX 75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
    jeb@sbaitilaw.com

**Counsel for Plaintiffs**

## CERTIFICATE OF CONFERENCE

I hereby certify that, in a series of communications between August 13 and 26, 2021, I conferred with Defendant's counsel regarding this Motion, and counsel indicated that they are opposed to the relief sought in this Motion.

/s/ Jonathan Bridges
Jonathan Bridges