PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:   jpomerantz@pszjlaw.com
         rfeinstein@pszjlaw.com
         jmorris@pszjlaw.com
         gdemo@pszjlaw.com
         hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CHARITABLE DAF FUND, L.P., AND CLO HOLDCO LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND HCF ADVISOR, LTD., AND HIGHLAND CLO FUNDING, LTD., <br><br> Defendants. | Case No. 3:21-cv-00842-B |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S OPPOSITION TO**
**<u>PLAINTIFFS' MOTION TO STAY ALL PROCEEDINGS</u>**

Highland Capital Management, L.P., the reorganized debtor ("Highland") and a defendant in the above-captioned action (the "Action"), submits this opposition (the "Opposition") to *Plaintiffs' Motion to Stay All Proceedings* [Docket No. 55] (the "Motion"). In support of its Opposition, Highland states as follows.

## I. PRELIMINARY STATEMENT[1]

1. Plaintiffs fail to satisfy their heavy burden of showing the extraordinary remedy of a stay of this Action is warranted. Indeed, Plaintiffs cannot meet, and do not even address, the strict four-pronged test routinely applied to a request for a stay pending appeal in the Fifth Circuit. For example, (i) Plaintiffs *cannot* succeed on the merits because they are not parties to the underlying Appeal, (ii) there is no irreparable harm in the absence of a stay, and (iii) a stay would not serve the public interest.

2. Plaintiffs' entire Motion is premised on: (i) a pending Appeal of the Confirmation Order to which Plaintiffs are not parties and (ii) Plan provisions that are not even the subject of the pending Appeal. Significantly, three courts—the Bankruptcy Court, the United States District Court, and the Fifth Circuit Court of Appeals—have already denied motions to stay the Confirmation Order that were filed by the actual Appellants to the underlying Appeal. There is no basis for Plaintiffs to obtain a stay of the Confirmation Order when the Appellants could not obtain a stay pending their own Appeal of the Confirmation Order. Finally, Plaintiffs' reliance on certain Plan provisions, such as the Injunction Provision, is misplaced. The extraordinary remedy of a stay has no application, or relevance, to the Plan. Any stay of this Action premised on the Appeal of the Plan is simply not an appropriate remedy here.[2]

---

[1] All capitalized terms used but not defined in this section have the meanings given to them below.

[2] With the passage of the Effective Date, Plaintiffs are enjoined from continuing this Action pursuant to the injunction provision contained in the Confirmation Order. *See* Confirmation Order, Art. IX. Counsel for the parties "met and conferred" about the propriety of a stay before Plaintiffs filed their Motion. As part of those communications, and in

## II. RELEVANT BACKGROUND

### A. Case Background

3. On October 16, 2019 (the "Petition Date"), Highland commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Case").

### B. The Plan and Confirmation Order

4. On February 22, 2021, the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") entered its *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943][3] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P (as Modified)* (the "Plan"). Pursuant to the Plan, as of the Effective Date (as defined in the Plan), Enjoined Parties (as defined in the Plan) are prohibited from pursuing or continuing actions of any kind against Highland (the "Injunction Provision"). The Plan and the Confirmation Order each provide, in pertinent part:

> **Injunction**
>
> Upon entry of the Confirmation Order, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, from taking any actions to interfere with the implementation or consummation of the Plan. Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, **all Enjoined Parties are and shall be permanently enjoined**, on and after the Effective Date, with respect to any Claims and Equity Interests, **from directly or indirectly (i) commencing, conducting,** *or continuing in any manner* **any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor**, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment,

---

order to avoid the cost, expense, and delay associated with the Motion, Highland offered to allow the Action to proceed in the District Court and to jointly seek a comfort order from the Bankruptcy Court in support of that solution. Plaintiffs declined the offer and now seek an indeterminate stay of the Action. Accordingly, in light of the injunction provision and other Plan provisions, Highland intends to file a motion to dismiss the Action in the near future.

[3] Refers to the docket maintained in the Bankruptcy Case.

DOCS_NY:44040.2 36027/003

> award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.
>
> The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation SubTrust, and the Claimant Trust and their respective property and interests in property.
>
> …
>
> **The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable** and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.

Bankr. Docket No. 1943 (Confirmation Order) at 76-78, and Ex. A (Plan) at 50-51 (emphasis added). By their terms, the Confirmation Order and Plan expressly enjoin Plaintiffs from continuing the Action.

**C.   Motions to Stay Pending Appeals of Confirmation Order**

6. In March 2021, James Dondero and certain of his related entities, including: (i) Highland Income Fund, NexPoint Strategic Opportunities Fund, Highland Global Allocation Fund, and NexPoint Capital, Inc. (collectively, the "Funds"); (ii) Highland Capital Management Fund Advisors, L.P. and NexPoint Advisors, L.P. (together, the "Advisors"); and (iii) The Dugaboy Investment Trust (the "Trust," and together with James Dondero, the Advisors, and the Funds, the "Appellants") (a) appealed the Confirmation Order[4] in the Bankruptcy Court, and (b) sought a stay of

---

[4] *See* Bankr. Docket Nos. 1957, 1966, 1970, and 1972, respectively.

the Confirmation Order pending appeal (the "Bankruptcy Court Stay Motions").[5]  Plaintiffs did not object to the Plan and did not appeal the Confirmation Order.

7. On March 16, 2021, the Bankruptcy Court entered an *Order Certifying Appeals of the Confirmation Order for Direct Appeal to the United States Court of Appeals for the Fifth Circuit* [Docket No. 2034] (the "Certification Order").

9. On March 24, 2021, the Bankruptcy Court entered orders[6] denying the Bankruptcy Court Stay Motions (the "First Stay Denials"), finding, among other things, that Appellants "did not meet their burden of proof on the four-factor test articulated in case law to obtain a discretionary stay pending appeal."  [Bankr. Docket No. 2095 at 3].

10. In April 2021, Appellants filed motions for a stay pending appeal of the Confirmation Order in the District Court for the Northern District of Texas, Dallas Division (the "District Court") (collectively, the "District Court Stay Motions").[7]

11. Appellants subsequently filed petitions for direct appeal of the Confirmation Order to the Fifth Circuit.[8]  On May 4, 2021, the Fifth Circuit entered an Order granting the Advisors' Petition for direct appeal,[9] and on June 2, 2021, the Fifth Circuit entered an Order granting the remaining Appellants' Petitions for direct appeal (collectively, the "Appeal").[10]

12. On May 19, 2021—shortly after the District Court Stay Motions became ripe—the Advisors filed a stay motion in the Fifth Circuit pending appeal of the Confirmation Order based on arguments identical to those asserted in the District Court Stay Motions (the "Fifth Circuit Stay

---

[5]  *See* Bankr. Docket Nos. 1955, 1967, 1971, and 1973, respectively.

[6]  *See* Bankr. Docket Nos. 2084 and 2095, respectively.

[7]  *See* Case Nos. 3:21-cv-550 (Docket No. 5); 3:21-cv-538, 3:21-cv-539, and 3:21-cv-546.

[8]  *See* Case No. 21-90011, Documents 515826308, 515803515, 515824511, 515824443.

[9]  *See* Case No. 21-90011, Document 515847079.

[10]  *See* Case No. 21-90011, Document 515884578.

Motion")[11]  On June 21, 2021, the Fifth Circuit denied the Fifth Circuit Stay Motion (the "Second Stay Denial")[12]

13. On June 23, 2021, the District Court entered its Order denying the District Court Stay Motions [Dist. Ct. Docket No. 18] (the "Third Stay Denial," and together with the First Stay Orders and Second Stay Order, the "Stay Denials") on the ground that "the Fifth Circuit has already reviewed and denied a motion with identical arguments." *Id.* at 3.

### D. The Commencement of the Action and the Pending Motions

14. On April 12, 2021, Plaintiffs commenced the Action in which they assert claims against Highland, including breach of contract, breach of fiduciary duty, and RICO violations (collectively, the "Claims"), purportedly arising rise from Highland's post-petition settlement with HarbourVest—a settlement approved by the Bankruptcy Court.

15. In response to the Complaint, Highland filed its (i) *Motion for an Order to Enforce the Order of Reference* [Docket No. 22] (the "Motion to Enforce Order of Reference") and (ii) *Motion to Dismiss Complaint* [Docket No. 26] (the "Motion to Dismiss"). These two motions (the "Pending Motions") have been fully briefed and are pending before this Court.

### E. The Plan Becomes Effective

15. On August 11, 2021, the Plan became Effective (as defined in the Plan), and Highland became the Reorganized Debtor (as defined in the Plan). *See Notice of Occurrence of Effective Date of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Docket No. 2700].

---

[11] *See* Case No. 21-10449, Document 515869234.

[12] *See* Case No. 21-10449, Document 515906886.

F.  **Plaintiffs Move for a Stay of the Action**

16. On August 26, 2021, Plaintiffs filed the instant Motion, requesting a stay of the Action pending resolution of the Fifth Circuit Appeal of the Confirmation Order. In support of their Motion, Plaintiffs contend that the Appeal "includes direct challenges to the validity" of the Plan's exculpation and injunction provisions, that these "provisions are currently in force and prohibit Plaintiffs from continuing this [A]ction," and the "most efficient course of action" is for a stay. Motion at 3-4.

17. For the reasons that follow, the Court should (i) deny the Motion, (ii) render rulings on the Pending Motions, and (iii) otherwise permit the Action to proceed.

### III.  ARGUMENT

18. Plaintiffs fail to demonstrate that a stay of the Action is warranted.

19. In their Motion, Plaintiffs fail to address—let alone satisfy—the strict four-pronged test required for a stay pending appeal in the Fifth Circuit. A stay pending appeal is warranted only if a movant establishes the following four elements: (1) substantial likelihood of success on the merits of its appeal; (2) irreparable injury if the stay is not granted; (3) the stay will not substantially harm other parties; and (4) the stay would serve the public interest. *See Belcher v. Birmingham Trust Nat'l Bank*, 395 F.2d 685, 686 (5th Cir. 1968); *In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987). The moving party "bears the burden of establishing its need," and "must 'make out a clear case of hardship or inequity in being required to go forward.'" *Earl v. Boeing Co.*, 4:19-CV-507, 2021 WL 1080689, at *3 (E.D. Tex. Mar. 18, 2021) (internal quotations omitted).

20. For obvious reasons, Plaintiffs ignore these four factors in their Motion. Plaintiffs did not object to or appeal the Confirmation Order. Instead, Plaintiffs seek a stay of the Action premised on a pending Appeal (a) in which (i) they are not parties and (ii) there is no challenge

that part of the injunction prohibiting Plaintiffs from proceeding with the Action in this Court; and (b) where three different courts, including this Court and the Fifth Circuit, issued the Stay Denials against the Appellants when they requested stays pending this same Appeal. Plaintiffs have no standing to seek a stay pending the Appeal that they did not appeal and, therefore, cannot satisfy the "likelihood of success" element. Plaintiffs equally fail to show any irreparable injury in the absence of a stay or that a stay would serve the public interest. For these reasons alone, the Motion should be denied.

21. Plaintiffs' vague and conclusory assertion that "many complex legal questions exist" in the Fifth Circuit Appeal that "may affect the viability of this Action" also does not support the imposition of a stay. Motion at 4. Again, three courts, including the Fifth Circuit, have already rejected stay motions premised on this Appeal.

22. Finally, Plaintiffs' reliance on the Injunction Provision is misguided. *See* Motion at 4. While Highland maintains that Plaintiffs are enjoined from continuing the Action based on this very provision, the remedy of a stay of proceedings is an entirely distinct procedural device that has no application to the Plan or the Appeal. There is also nothing in the Injunction Provision that prohibits this Court from ruling on the Pending Motions; that provision only applies to "Enjoined Parties."

23. To the extent Plaintiffs rely on the exculpation provision, such reliance is irrelevant for purposes of the Motion.[13] Plaintiffs otherwise fail to demonstrate why the extraordinary remedy of a stay of this Action is warranted or appropriate. Accordingly, Plaintiffs' Motion is without merit and should be summarily denied by the Court.

---

[13] That provision deals with the exculpation from liability of Highland's independent directors, their agents, and their advisors. *See* Plan, Art. IX.C. Neither Highland nor the viability of this Action is implicated by such a provision.

7

## CONCLUSION

WHEREFORE, Highland respectfully requests that the Court (i) deny the Motion in its entirety, (ii) render rulings on the Pending Motions, and (iii) grant such other and further relief as the Court deems just and proper.

DOCS_NY:44040.2 36027/003

| | |
|---|---|
| Dated: September 10, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Robert J. Feinstein (NY Bar No. 1767805)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>         rfeinstein@pszjlaw.com<br>         jmorris@pszjlaw.com<br>         gdemo@pszjlaw.com<br>         hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |