PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717)
Robert J. Feinstein (NY Bar No. 1767805)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        rfeinstein@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| THE CHARITABLE DAF FUND, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Defendant. | § § § § § § § § § § § § § Case No. 3:21-cv-01710-N |

**HIGHLAND'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

EXHIBIT 2

Highland Capital Management, L.P. ("Highland"), a reorganized debtor and the putative defendant in the above-captioned action (the "Action"), submits this Memorandum of Law in supports of its motion to dismiss the Action (the "Motion").[1]  In support of its Motion, Highland states as follows:

## I.    PRELIMINARY STATEMENT[2]

1. Highland is a reorganized debtor, having emerged from bankruptcy on August 11, 2021, when its Plan went effective.

2. The Charitable DAF Fund, L.P. ("Plaintiff"), a "trust" that exists for the benefit of James Dondero, Highland's former owner who is waging a never-ending grudge match against Highland's stakeholders, commenced this action on July 22, 2021 but never served its Complaint. Instead, on August 26, 2021, without notice to Highland, it filed *Plaintiffs' Motion to Stay All Proceedings* [Docket No. 6] (the "Stay Motion").  On September 7, 2021, this Court entered an electronic order granting the unopposed Stay Motion [Docket No. 7] (the "Stay Order").

3. Highland is simultaneously filing its *Motion for Reconsideration of Stay Order* and supporting documentation (together, the "Reconsideration Motion").  For the reasons set forth in the Reconsideration Motion and herein, Highland respectfully requests that the Court (a) grant the Reconsideration Motion and enter a new order vacating the Stay Order and denying the Stay Motion, and (b) then grant this Motion to Dismiss.

4. This Court should enforce the Confirmation Order and dismiss the Action.  The Confirmation Order and Plan enjoin Plaintiff from continuing any action or suit against Highland,

---

[1] Concurrently herewith, Highland is filing the *Appendix in Support of Highland Capital Management, L.P.'s Motion for Reconsideration of a Stay Order* (the "Appendix"). Citations to the Appendix are notated as follows: Ex. #, Appx. #.

[2] All capitalized terms used but not defined in this section have the meanings given to them below.

and mandate that claims against Highland be brought in the Bankruptcy Court following the Effective Date pursuant to the Injunction Provision. Dismissal of the Action is also warranted because the purported claims asserted against Highland arise from transactions that took place post-petition, and, to the extent valid, would constitute post-petition administrative claims. The Plan provides specific a procedure through which holders of purported administrative claims, such as Plaintiff, can file an application with the Bankruptcy Court for allowance of its administrative expense claims. Under the Confirmation Order and Plan, this Court is not the appropriate venue for this Action.

5. For the reasons set forth above and below, and pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), (4), and (6), Highland respectfully requests that the Court dismiss the Action.

## II. RELEVANT BACKGROUND

**A. Case Background**

6. On October 16, 2019 (the "Petition Date"), Highland commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Case").

**B. The Plan and Confirmation Order**

7. On February 22, 2021, the Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") entered its *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Dkt. No. 1943] (Ex. 1, Appx. 1-162) (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P (as Modified)* (Ex. 2, Appx. 163-229) (the "Plan"). Pursuant to the Plan, as of the Effective Date (as defined in the Plan), Enjoined Parties (as defined in the Plan) are prohibited from pursuing or continuing actions of any kind against

Highland (the "<u>Injunction Provision</u>").  The Plan and the Confirmation Order each provide, in pertinent part:

> **Injunction**
>
> Upon entry of the Confirmation Order, all Enjoined Parties are and shall be permanently enjoined, on and after the Effective Date, from taking any actions to interfere with the implementation or consummation of the Plan. Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court, **all Enjoined Parties are and shall be permanently enjoined**, on and after the Effective Date, with respect to any Claims and Equity Interests, **from directly or indirectly (i) commencing, conducting,** *or continuing in any manner* **any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor or the property of the Debtor**, (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering, enforcing, or attempting to recover or enforce, by any manner or means, any judgment, award, decree, or order against the Debtor or the property of the Debtor, (iii) creating, perfecting, or otherwise enforcing in any manner, any security interest, lien or encumbrance of any kind against the Debtor or the property of the Debtor, (iv) asserting any right of setoff, directly or indirectly, against any obligation due to the Debtor or against property or interests in property of the Debtor, except to the limited extent permitted under Sections 553 and 1141 of the Bankruptcy Code, and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.
>
> The injunctions set forth herein shall extend to, and apply to any act of the type set forth in any of clauses (i)-(v) of the immediately preceding paragraph against any successors of the Debtor, including, but not limited to, the Reorganized Debtor, the Litigation SubTrust, and the Claimant Trust and their respective property and interests in property.
>
> …
>
> **The Bankruptcy Court will have sole and exclusive jurisdiction to determine whether a claim or cause of action is colorable** and, only to the extent legally permissible and as provided for in ARTICLE XI, shall have jurisdiction to adjudicate the underlying colorable claim or cause of action.

Ex. 1, Appx. 77-79, and Ex. 2, Appx. 220-221 (emphasis added).  By their terms, the Confirmation Order and Plan expressly enjoin Plaintiff from continuing the Action.

8.      The Injunction Provision, however, does not leave putative claimants without a course to pursue their claims.  The Plan includes a mechanism allowing holders of claims arising after the Petition Date but prior to the Effective Date to assert claims.  They may, at their election,

file an application with the Bankruptcy Court seeking an allowed administrative claim. Article II of the Plan provides, in relevant part:

> **Administrative Expensive Claims**
>
> On the later of the Effective Date or the date on which an Administrative Expense Claim becomes an Allowed Administrative Expense Claim, or, in each such case, as soon as practicable thereafter, each Holder of an Allowed Administrative Expense Claim (other than Professional Fee Claims) will receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed Administrative Expense Claim either (i) payment in full in Available Cash for the unpaid portion of such Allowed Administrative Expense Claim; or (ii) such other less favorable treatment as agreed to in writing by the Debtor or the Reorganized Debtor, as applicable, and such Holder; provided, however, that Administrative Expense Claims incurred by the Debtor in the ordinary course of business may be paid in the ordinary course of business in the discretion of the Debtor in accordance with such applicable terms and conditions relating thereto without further notice to or order of the Bankruptcy Court. All statutory fees payable under 28 U.S.C. § 1930(a) shall be paid as such fees become due.
>
> If an Administrative Expense Claim (other than a Professional Fee Claim) is not paid by the Debtor in the ordinary course, the Holder of such Administrative Expense Claim must File, on or before the applicable Administrative Expense Claims Bar Date, and serve on the Debtor or Reorganized Debtor, as applicable, and such other Entities who are designated by the Bankruptcy Rules, the Confirmation Order or other order of the Bankruptcy Court, an application for allowance and payment of such Administrative Expense Claim.

Ex. 2, Appx. 185-186. If Plaintiff wished to continue its Action, the Confirmation Order mandates that it do so by filing for an administrative claim.[3]

C. **Plaintiff Commences the Action but Never Serves Highland, and the Plan Goes Effective**

11. On July 22, 2021, Plaintiff commenced the Action by filing its *Original Complaint*. [Docket No. 1] (the "Complaint"). Plaintiff never served the Complaint.

12. On August 11, 2021, the Plan became Effective (as defined in the Plan), and Highland became the Reorganized Debtor (as defined in the Plan). *See Notice of Occurrence of Effective Date*

---

[3] Under the Plan, the Administrative Expense Claim Bar Date passed on September 25, 2021, so Plaintiff would, in fact, be required to request an order from the Bankruptcy Court permitting it to file a late claim. Highland reserves the right to contest any such request.

*of Confirmed Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Bankr. Dkt. No. 2700] (Ex. 3, Appx. 230-234).

**D.    Plaintiff Obtains an Unopposed Stay of the Action and Highland Seeks Reconsideration**

9.    On August 26, 2021, Plaintiff filed the Stay Motion, requesting a stay of the Action pending resolution of the Fifth Circuit Appeal of the Confirmation Order. In support of its Motion, Plaintiff contended that the Appeal "includes direct challenges to the validity" of the Plan's exculpation and injunction provisions, that these "provisions are currently in force and prohibit Plaintiffs from continuing this [A]ction," and the "most efficient course of action" is for a stay. Stay Motion at 4.

10.    On September 7, 2021, this Court entered the Stay Order. Highland is simultaneously filing its Reconsideration Motion.

### III.    ARGUMENT

**A.    The Confirmation Order Should Be Enforced and the Action Should Be Dismissed**

11.    Dismissal of the Action is warranted under the Confirmation Order and the Plan for two reasons: (i) Plaintiffs are enjoined from pursuing the Action against Highland, and (ii) the claims, to the extend valid, constitute post-petition administrative claims which Plaintiff, if it elects, can assert against Highland in the Bankruptcy Court pursuant to the procedure set forth in the Plan and Confirmation Order.

**1.    Plaintiff Is Enjoined from Continuing the Action**

12.    Pursuant to the Confirmation Order and the Plan, as of the Effective Date, Plaintiff is enjoined from conducting or continuing any suit or proceeding of any kind against Highland. *See* Docket No. 1943 (Confirmation Order) at 76-78 at 76-78 (Ex. 1, Appx. 77-79), and Ex. A (Plan) at 50-51 (Ex. 2, Appx. 219-220).

13. The parties are bound by the Confirmation Order. *See U.S. v. Ramirez*, 291 B.R. 386, 392 (N.D. TX. 2002) (stating that a "confirmed Chapter 11 plan constitute[s] a binding contract"). Accordingly, this Court should enforce the Confirmation Order and dismiss this Action on the basis that the Confirmation Order prohibits the continuation of this Action in this Court. The Bankruptcy Court has jurisdiction over any claims against Highland.

        **2.**     **The Claims Asserted Should Be Adjudicated by the Bankruptcy Court Pursuant to the Procedure for Asserting Administrative Claims in the Plan**

14. The claims asserted in the Action constitute alleged administrative claims that should be adjudicated in the Bankruptcy Court, if at all, and for this additional reason, dismissal of the Action is warranted.

15. As noted *supra*, the Action arises from actions taken by Highland post-petition. The Action is nothing more than a request for payment of an unliquidated and disputed administrative claim which will be subject to allowance or disallowance under the Bankruptcy Code and in accordance with the Plan, and once paid or disallowed, will be discharged. A request for payment of an administrative claim is a core proceeding under 28 U.S.C. § 157(B)(2)(A) and (O), and arises in and under title 11. Thus, the Action is a post-petition claim, and should be filed as a request for an allowed administrative claim in the Bankruptcy Court in accordance with Bankruptcy Code section 503. *See In re Endeavour Highrise L.P.*, 425 B.R. 402, 419 (Bankr. S.D. Tex. 2010) ("[A] party asserting a post-petition claim should file an application with the court and request an order establishing the claim as an allowed administrative claim or an allowed post-petition claim pursuant to a particular statute").

16. Article II of the Plan provides the methodology for the filing and allowance of administrative claims. A holder of a claim that arises post-petition files a request for payment of an administrative claim under section 503 of the Bankruptcy Code and such claim will be afforded

"administrative priority" if the claim arose post-petition and as a result of actions taken by the debtor that benefitted the estate. *See Matter of Whistler Energy II, L.L.C.*, 931 F.3d 432, 441–42 (5th Cir. 2019) (noting that administrative claims "under section 503(b)(1)(A) … must have arisen post-petition and as a result of actions taken by the trustee [or debtor-in-possession] that benefitted the estate," and an administrative priority claim "must have arisen from a transaction with the debtor in possession," as opposed to the pre-petition debtor); *In re Am. Plumbing & Mech., Inc.*, 323 B.R. 442, 459 and n.23 (Bankr. W.D. Tex. 2005) citing *Toma Steel Supply, Inc. v. TransAmerican Natural Gas Corp. (In Matter of TransAmerican Natural Gas Corp.),* 978 F.2d 1409, 1416 (5th Cir. 1992).

17. In order to enforce the terms of the Plan and Confirmation Order, this Action should be dismissed so that Plaintiff, if it so chooses, can refile its claims with the Bankruptcy Court.

## CONCLUSION

WHEREFORE, Highland respectfully requests that the Court (a) grant the Motion and dismiss the Action, and (b) grant such other and further relief as the Court deems just and proper.

7

| | |
|---|---|
| Dated:  October 5, 2021. | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>Robert J. Feinstein (NY Bar No. 1767805)<br>John A. Morris (NY Bar No. 266326)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>            rfeinstein@pszjlaw.com<br>            jmorris@pszjlaw.com<br>            gdemo@pszjlaw.com<br>            hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

## CERTIFICATE OF SERVICE

I hereby certify that, on October 5, 2021, a true and correct copy of the foregoing Memorandum of Law was served electronically upon all parties registered to receive electronic notice in this case via the Court's CM/ECF system.

*/s/ Zachery Z. Annable*
Zachery Z. Annable