SBAITI & COMPANY PLLC
Mazin A. Sbaiti (TX Bar No. 24058096)
Jonathan Bridges (TX Bar No. 24028835)
J.P. Morgan Chase Tower
2200 Ross Avenue, Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367

*Counsel for The Charitable DAF Fund, L.P.
and CLO Holdco, Ltd.*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| CHARITABLE DAF FUND, L.P. AND CLO HOLDCO, LTD., DIRECTLY AND DERIVATIVELY | § | |
| | § | |
| Plaintiffs, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 21-03067-sgj11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND HCF ADVISOR, LTD., AND HIGHLAND CLO FUNDING LTD., NOMINALLY | § | |
| | § | |
| Defendant. | § | |

### MOTION TO SUPPLEMENT APPELLATE RECORD

CLO Holdco, Ltd., and the Charitable Donor Advised Fund, Appellants in the above-styled appeal from the United States Bankruptcy Court for the Northern District of Texas, respectfully move to supplement the appellate record.

Currently before the District Court is the appeal of the bankruptcy court's dismissal of the adversary proceeding. One of the bases cited by the bankruptcy court for imposing judicial estoppel is a transcript of a hearing that occurred before the bankruptcy court, on January 14, 2021.[1] In the transcript of that hearing, counsel for the debtor, Mr. Morris, is quoted as stating (in relevant part),

> I would respectfully request that we just enter into a short stipulation on the record reflecting that the Debtor's acquisition of Harbourvest's interests in HCLOF is compliant with all of the applicable agreements between the parties.[2]

Immediately thereafter, prior counsel for CLO Holdco, Ltd., is quoted as responding:

> In response to Mr. Morris, I'm not going to enter into a stipulation on behalf of my client, but the Debtor is compliant with all aspects of the contract. We withdrew our objection, and we believe that's sufficient.[3]

The bankruptcy court's dismissal of the entire adversary on judicial estoppel grounds hones in on the sentence "but the Debtor is compliant with all aspects of the contract" as a judicial admission which has been contradicted by the filing of the underlying suit.

Undersigned counsel requested the original recording of the hearing to verify the transcription. That recording was delivered on May 25, 2022. The recording makes clear that the word "but" at the beginning of "but the Debtor is compliant with all aspects of the contract" was wrongfully transcribed. The recording makes clear that what Mr. Kane said in actuality was:

> In response to Mr. Morris, I'm not going to enter into a stipulation on behalf of my client **that** the Debtor is compliant with all aspects of the contract. We withdrew our objection, and we believe that's sufficient (emphasis added).

---

[1] *See* APP_000053.

[2] APP_001020.

[3] *Compare* APP_000053 (Order) *with* APP_001020 (Tr. Of Hearing).

It is this correction—seemingly minor, but in the context of the opinion, is of significant consequence—that Appellants ask this for.

Federal Rule of Appellate Procedure 10(e) allows a court to correct a transcription error to ensure that the record accurately reflects what occurred in the lower court:

> **(e) Correction or Modification of the Record.**
>
> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
>> (A) on stipulation of the parties;
>>
>> (B) by the district court before or after the record has been forwarded; or
>>
>> (C) by the court of appeals.

FED. R. APP. P. 10(e)(1)-(2)(A).

The bankruptcy court issued a corrected transcript on May 26, 2022. *See In re Highland Capital Management, L.P.,* No. 19-bk-34054, Docket No. 3348. Movants respectfully request that this corrected transcript be made part of the appellate record.

Dated:  May 26, 2022                                      Respectfully submitted,

                                                          **SBAITI & COMPANY PLLC**

                                                          */s/ Mazin A. Sbaiti*
                                                          **Mazin A. Sbaiti**
                                                          Texas Bar No. 24058096
                                                          **Jonathan Bridges**
                                                          Texas Bar No. 24028835
                                                          JPMorgan Chase Tower
                                                          2200 Ross Avenue – Suite 4900W
                                                          Dallas, TX  75201
                                                          T:  (214) 432-2899
                                                          F:  (214) 853-4367

                                                                    E:  mas@sbaitilaw.com
                                                                         jeb@sbaitilaw.com

**Counsel for Plaintiffs**

## CERTIFICATE OF CONFERENCE

      Undersigned counsel attempted to meet and confer with counsel for the debtor via email on May 25, 2022. Counsel for the debtor related that they would confirm whether they opposed or consented. At the time of preparation of this brief, 6:00 pm on May 26, 2022, we have not heard back. Should they respond we will supplement or amend this certificate.

                                                    */s/ Mazin A. Sbaiti*
                                                    Mazin A. Sbaiti