# EXHIBIT 1

# CLAIM 143

Claim #143 Date Filed: 4/8/2020

**Fill in this information to identify the case:**

Debtor: Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern District of Texas (State)

Case number: 19-34054

Official Form 410

# Proof of Claim

**04/19**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

HarbourVest 2017 Global Fund L.P.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| HarbourVest 2017 Global Fund L.P.<br>Attn: Erica Weisgerber<br>Debevoise and Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022, U.S.A. | See summary page |
| Contact phone 2129096000 | Contact phone 6173483773 |
| Contact email eweisgerber@debevoise.com | Contact email agoren@harbourvest.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one): ______

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?**

$ See Annex. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Annex

9. **Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: ______________________

**Basis for perfection:** ______________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________(The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)________%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: ______________________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 04/08/2020
MM / DD / YYYY

/s/Michael Pugatch
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Michael Pugatch
First name Middle name Last name

Title: Managing Director - Company: HarbourVest 2017 Global Fund L.P., by Harb

Company: by HarbourVest GP LLC, its General Partner, by HarbourVest Partners, LL
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone

Email

¨1¤}HV4

1934...200408000000000055

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

**Debtor:**
19-34054 - Highland Capital Management, L.P.

**District:**
Northern District of Texas, Dallas Division

**Creditor:**
HarbourVest 2017 Global Fund L.P.
Attn: Erica Weisgerber
Debevoise and Plimpton LLP
919 Third Avenue

New York, NY, 10022
U.S.A.

**Phone:**
2129096000

**Phone 2:**

**Fax:**

**Email:**
eweisgerber@debevoise.com

**Has Supporting Documentation:**
Yes, supporting documentation successfully uploaded

**Related Document Statement:**

**Has Related Claim:**
No

**Related Claim Filed By:**

**Filing Party:**
Authorized agent

**Disbursement/Notice Parties:**
HarbourVest 2017 Global Fund L.P. c/o HarbourVest Partners, LLC

One Financial Center

Boston, MA, 02111
U.S.A.

**Phone:**
6173483773

**Phone 2:**

**Fax:**

**E-mail:**
agoren@harbourvest.com

**DISBURSEMENT ADDRESS**

**Other Names Used with Debtor:**

**Amends Claim:**
No

**Acquired Claim:**
No

**Basis of Claim:**
See Annex

**Last 4 Digits:**
No

**Uniform Claim Identifier:**

**Total Amount of Claim:**
See Annex

**Includes Interest or Charges:**
None

**Has Priority Claim:**
No

**Priority Under:**

**Has Secured Claim:**
No

**Amount of 503(b)(9):**
No

**Based on Lease:**
No

**Subject to Right of Setoff:**
No

**Nature of Secured Amount:**

**Value of Property:**

**Annual Interest Rate:**

**Arrearage Amount:**

**Basis for Perfection:**

**Amount Unsecured:**

**Submitted By:**
Michael Pugatch on 08-Apr-2020 4:40:16 p.m. Eastern Time

**Title:**
Managing Director - Company: HarbourVest 2017 Global Fund L.P., by HarbourVest 2017 Global Associates L.P., its Gen Partner

**Company:**
by HarbourVest GP LLC, its General Partner, by HarbourVest Partners, LLC, its Managing Member

VN: 0DB62642624B41D1B004FEABCD97B964

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Highland Capital Management, L.P. | Case No. 19-34054 (SGJ) |
| Debtor. | |

**ANNEX TO PROOF OF CLAIM**

1. This annex (the "Annex") is part of and is incorporated by reference into the attached proof of claim (together with the Annex, the "Proof of Claim") and describes in more detail the claims of HarbourVest 2017 Global Fund L.P. (the "Claimant") against the debtor Highland Capital Management, L.P. (the "Debtor").

2. The Claimant is a limited partner in one of the Debtor's managed vehicles, Highland CLO Funding, Ltd. ("HCLOF"). Acis Capital Management GP, L.L.C. and Acis Capital Management L.P. (together, "Acis"), the portfolio manager for HCLOF, filed for chapter 11 in the United States Bankruptcy Court for the Northern District of Texas (the "Court") on January 30, 2018. The Acis bankruptcy filing resulted from a dispute between Debtor and its former employee, Joshua Terry, who served as portfolio manager for Debtor's collateral loan obligations funds ("CLO") business. *See, e.g., Findings of Fact and Conclusions of Law in Support of Orders for Relief Issued After Trial on Contested Involuntary Bankruptcy Petition* ("Involuntary Petition Ruling") [Case No. 18-30264 (SGJ), Dkt. No. 118]. As noted in more detail in the Court's *Bench Ruling and Memorandum of Law in Support of: (A) Final Approval of Disclosure Statement; and (B) Confirmation of Chapter 11 Trustee's Third Amended Joint Plan* ("Confirmation Ruling") [Case No. 18-30264 (SGJ), Dkt. No 827] and related filings in the Acis

bankruptcy cases, there has been extensive litigation regarding alleged improper conduct associated with the management of, and transactions relating to, Acis, including transactions with and related to HCLOF. *See, e.g., id.*; *Second Amended Complaint* [Case No. 18-03078(SGJ), Dkt. No. 157].

3. Due to the Acis bankruptcy and certain conduct alleged to have been undertaken by the Debtor (to whom Acis subcontracted its functions) and Debtor's employees (who were officers, employees, and agents of Acis), the Claimant has suffered significant harm. Such harm includes, but is not limited to, financial harm resulting from, among other things (i) court orders in the Acis bankruptcy that prevented certain CLOs in which HCLOF was invested from being refinanced or reset and court orders that otherwise regulated the activity of HCLOF; and (ii) significant fees and expenses related to the Acis bankruptcy that were charged to HCLOF. *See, e.g.*, Involuntary Petition Ruling ¶ 27; *see also* Confirmation Ruling.

4. Claimant hereby files this Claim to assert any and all of its rights to payment, remedies, and other claims (including contingent or unliquidated claims) against the Debtor in connection with and relating to the foregoing harm, including for any amounts due or owed under the various agreements with the Debtor in connection with HCLOF (including, but not limited to, the Subscription and Transfer Agreement for Ordinary Shares Highland CLO Funding, Ltd., dated as of November 15, 2017, the Members Agreement Relating to the Company, dated as of November 15, 2017, the Highland CLO Funding, Ltd. Offering Memorandum dated November 15, 2017), and any and all legal and equitable claims or causes of action relating to the foregoing harm.

5. The Claimant has not attached the documentation supporting this Claim to this Proof of Claim because the documentation is voluminous and the Debtor has copies of such

documents. However, any requested relevant documents will be provided to the Official Committee of Unsecured Creditors, the Court, the United States Trustee and the Debtor in the event of a dispute regarding this Proof of Claim and will be made available for review by other parties in interest as appropriate upon reasonable request and after consultation with the Debtor and execution of appropriate confidentiality agreements.

6. This Proof of Claim is filed with a full reservation of rights, including the right to amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time. The filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of any of the Claimant's rights against any person, entity or property accruing to it against the Debtor and its estate; (b) a waiver of the Claimant's rights to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional; (c) a consent or submission by the Claimant, or waiver of the Claimant's rights to object, to the jurisdiction of this Court with respect to the subject matter of any of the claims described herein, or any objection or other proceeding commenced with respect to any of the claims described herein, or any other proceeding commenced in the Debtor's chapter 11 case against or otherwise involving the Claimant; (d) a waiver or release of any right of the Claimant, or consent by the Claimant, to a trial by jury in this or any other court or proceeding; (e) a waiver or release of, or any limitation on, any right of the Claimant to have orders entered only after *de novo* review by a United States District Judge; (f) an election of remedies; or (g) a waiver of, or any other limitation on, any right of the Claimant to request withdrawal of the reference with respect to any matter, including, without limitation, any matter relating to this Proof of Claim.

7. Claimant's express reservation of all rights and causes of action, includes, without limitation, contingent or unliquidated rights that it or its affiliates may have against the Debtor,

as well as defenses, offsets and counterclaims. This description and classification of claims by the Claimant is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of the Claimant.

8. Furthermore, the Claimant expressly reserves its rights to (a) file additional proofs of claim for additional claims that may be based on the same or additional documents or facts or other liability or indebtedness of the Debtor to the Claimant under contract or otherwise; (b) assert claims for cure of defaults in any agreement that the Debtor or any trustee appointed in this chapter 11 case may seek to assume; (c) assert any and all other claims, causes of action, defenses, offsets or counterclaims against the Debtor or any other parties; (d) file a request for payment of an administrative expense under 11 U.S.C. §§ 503 and 507 for any or all of the claims or rights of payment described above and any additional amounts; and (e) seek recovery through any relevant third parties, including any of the Debtor's insurance coverage providers.

9. This Proof of Claim does not encompass all claims that the Claimant or its affiliates may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time, including any such post-petition claims arising under these service contracts.

10. This Proof of Claim is filed without prejudice to the filing by the Claimant of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor. The Claimant does not, by this Proof of Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

11. The Claimant reserves the right to withdraw, amend, clarify, modify or supplement this Proof of Claim to assert additional claims, causes of action or additional grounds for this Proof of Claim (including adding any additional contracts, agreements, obligations or

other relationships between the Claimant and the Debtor), as well as the right to file any separate or additional proofs of claim with respect to the claims set forth herein or otherwise, including for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

12. In executing and filing this Proof of Claim, the Claimant does not submit to the jurisdiction of the Bankruptcy Court for the Northern District of Texas for any purpose other than with respect to this Proof of Claim against the Debtor, and does not waive or release any rights or remedies against any other person or entity that may be liable for all or part of this Proof of Claim.

13. The Claimant otherwise reserves its rights, and nothing herein shall prejudice the Claimant's rights, under any order of the Court previously entered in this chapter 11 case.

14. Payments on account of this Proof of Claim should be sent to the Claimant at the address specified for notices to the Claimant in Part 1.3 of the Proof of Claim.

***

# CLAIM 147

Claim #147 Date Filed: 4/8/2020

**Fill in this information to identify the case:**

Debtor: Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern District of Texas (State)

Case number: 19-34054

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

HarbourVest 2017 Global AIF L.P.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| HarbourVest 2017 Global AIF L.P.<br>Attn: Erica Weisgerber<br>Debevoise and Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022, U.S.A. | See summary page |
| Contact phone 2129096000 | Contact phone 6173483773 |
| Contact email eweisgerber@debevoise.com | Contact email agoren@harbourvest.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one): ______

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?**

$ See Annex. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Annex

9. **Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: ______________________

**Basis for perfection:** ______________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $________

**Amount of the claim that is secured:** $________

**Amount of the claim that is unsecured:** $________(The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $________

**Annual Interest Rate** (when case was filed)________%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $________

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: ______________________

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $________ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $________ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $________ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$________

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 04/08/2020
MM / DD / YYYY

/s/Michael Pugatch
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Michael Pugatch
First name / Middle name / Last name

Title: Managing Director-Company: HarbourVest 2017 Global AIF L.P., by Harbour\

Company: Inv Fund Mgr, by HarbourVest Partners L.P., its Duly Appointed Investme
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone ________

Email

¨1¤}HV4$( [%«

1934Email2004080000000000059

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

**Debtor:**
19-34054 - Highland Capital Management, L.P.

**District:**
Northern District of Texas, Dallas Division

| | |
|---|---|
| **Creditor:**<br>HarbourVest 2017 Global AIF L.P.<br>Attn: Erica Weisgerber<br>Debevoise and Plimpton LLP<br>919 Third Avenue<br>New York, NY, 10022<br>U.S.A.<br>**Phone:**<br>2129096000<br>**Phone 2:**<br>**Fax:**<br>**Email:**<br>eweisgerber@debevoise.com | **Has Supporting Documentation:**<br>Yes, supporting documentation successfully uploaded<br>**Related Document Statement:**<br><br>**Has Related Claim:**<br>No<br>**Related Claim Filed By:**<br><br>**Filing Party:**<br>Authorized agent |

**Disbursement/Notice Parties:**
HarbourVest 2017 Global AIF L.P. c/o HarbourVest Partners, LLC
One Financial Center
Boston, MA, 02111
**Phone:**
6173483773
**Phone 2:**
**Fax:**
**E-mail:**
agoren@harbourvest.com
**DISBURSEMENT ADDRESS**

| | | |
|---|---|---|
| **Other Names Used with Debtor:** | **Amends Claim:**<br>No<br>**Acquired Claim:**<br>No | |
| **Basis of Claim:**<br>See Annex | **Last 4 Digits:**<br>No | **Uniform Claim Identifier:** |
| **Total Amount of Claim:**<br>See Annex | **Includes Interest or Charges:**<br>None | |
| **Has Priority Claim:**<br>No | **Priority Under:** | |
| **Has Secured Claim:**<br>No<br>**Amount of 503(b)(9):**<br>No<br>**Based on Lease:**<br>No<br>**Subject to Right of Setoff:**<br>No | **Nature of Secured Amount:**<br>**Value of Property:**<br>**Annual Interest Rate:**<br>**Arrearage Amount:**<br>**Basis for Perfection:**<br>**Amount Unsecured:** | |

**Submitted By:**
Michael Pugatch on 08-Apr-2020 4:49:59 p.m. Eastern Time

**Title:**
Managing Director-Company: HarbourVest 2017 Global AIF L.P., by HarbourVest Partners Ireland Limited, its Alternative

**Company:**
Inv Fund Mgr, by HarbourVest Partners L.P., its Duly Appointed Investment Manager, by HarbourVest Partners, LLC, its Gen Ptr

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Highland Capital Management, L.P. | Case No. 19-34054 (SGJ) |
| Debtor. | |

**ANNEX TO PROOF OF CLAIM**

1. This annex (the "Annex") is part of and is incorporated by reference into the attached proof of claim (together with the Annex, the "Proof of Claim") and describes in more detail the claims of HarbourVest 2017 Global AIF L.P. (the "Claimant") against the debtor Highland Capital Management, L.P. (the "Debtor").

2. The Claimant is a limited partner in one of the Debtor's managed vehicles, Highland CLO Funding, Ltd. ("HCLOF"). Acis Capital Management GP, L.L.C. and Acis Capital Management L.P. (together, "Acis"), the portfolio manager for HCLOF, filed for chapter 11 in the United States Bankruptcy Court for the Northern District of Texas (the "Court") on January 30, 2018. The Acis bankruptcy filing resulted from a dispute between Debtor and its former employee, Joshua Terry, who served as portfolio manager for Debtor's collateral loan obligations funds ("CLO") business. *See, e.g., Findings of Fact and Conclusions of Law in Support of Orders for Relief Issued After Trial on Contested Involuntary Bankruptcy Petition* ("Involuntary Petition Ruling") [Case No. 18-30264 (SGJ), Dkt. No. 118]. As noted in more detail in the Court's *Bench Ruling and Memorandum of Law in Support of: (A) Final Approval of Disclosure Statement; and (B) Confirmation of Chapter 11 Trustee's Third Amended Joint Plan* ("Confirmation Ruling") [Case No. 18-30264 (SGJ), Dkt. No 827] and related filings in the Acis

bankruptcy cases, there has been extensive litigation regarding alleged improper conduct associated with the management of, and transactions relating to, Acis, including transactions with and related to HCLOF. *See, e.g.*, *id.*; *Second Amended Complaint* [Case No. 18-03078(SGJ), Dkt. No. 157].

3. Due to the Acis bankruptcy and certain conduct alleged to have been undertaken by the Debtor (to whom Acis subcontracted its functions) and Debtor's employees (who were officers, employees, and agents of Acis), the Claimant has suffered significant harm. Such harm includes, but is not limited to, financial harm resulting from, among other things (i) court orders in the Acis bankruptcy that prevented certain CLOs in which HCLOF was invested from being refinanced or reset and court orders that otherwise regulated the activity of HCLOF; and (ii) significant fees and expenses related to the Acis bankruptcy that were charged to HCLOF. *See, e.g.*, Involuntary Petition Ruling ¶ 27; *see also* Confirmation Ruling.

4. Claimant hereby files this Claim to assert any and all of its rights to payment, remedies, and other claims (including contingent or unliquidated claims) against the Debtor in connection with and relating to the foregoing harm, including for any amounts due or owed under the various agreements with the Debtor in connection with HCLOF (including, but not limited to, the Subscription and Transfer Agreement for Ordinary Shares Highland CLO Funding, Ltd., dated as of November 15, 2017, the Members Agreement Relating to the Company, dated as of November 15, 2017, the Highland CLO Funding, Ltd. Offering Memorandum dated November 15, 2017), and any and all legal and equitable claims or causes of action relating to the foregoing harm.

5. The Claimant has not attached the documentation supporting this Claim to this Proof of Claim because the documentation is voluminous and the Debtor has copies of such

documents. However, any requested relevant documents will be provided to the Official Committee of Unsecured Creditors, the Court, the United States Trustee and the Debtor in the event of a dispute regarding this Proof of Claim and will be made available for review by other parties in interest as appropriate upon reasonable request and after consultation with the Debtor and execution of appropriate confidentiality agreements.

6. This Proof of Claim is filed with a full reservation of rights, including the right to amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time. The filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of any of the Claimant's rights against any person, entity or property accruing to it against the Debtor and its estate; (b) a waiver of the Claimant's rights to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional; (c) a consent or submission by the Claimant, or waiver of the Claimant's rights to object, to the jurisdiction of this Court with respect to the subject matter of any of the claims described herein, or any objection or other proceeding commenced with respect to any of the claims described herein, or any other proceeding commenced in the Debtor's chapter 11 case against or otherwise involving the Claimant; (d) a waiver or release of any right of the Claimant, or consent by the Claimant, to a trial by jury in this or any other court or proceeding; (e) a waiver or release of, or any limitation on, any right of the Claimant to have orders entered only after *de novo* review by a United States District Judge; (f) an election of remedies; or (g) a waiver of, or any other limitation on, any right of the Claimant to request withdrawal of the reference with respect to any matter, including, without limitation, any matter relating to this Proof of Claim.

7. Claimant's express reservation of all rights and causes of action, includes, without limitation, contingent or unliquidated rights that it or its affiliates may have against the Debtor,

as well as defenses, offsets and counterclaims. This description and classification of claims by the Claimant is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of the Claimant.

8. Furthermore, the Claimant expressly reserves its rights to (a) file additional proofs of claim for additional claims that may be based on the same or additional documents or facts or other liability or indebtedness of the Debtor to the Claimant under contract or otherwise; (b) assert claims for cure of defaults in any agreement that the Debtor or any trustee appointed in this chapter 11 case may seek to assume; (c) assert any and all other claims, causes of action, defenses, offsets or counterclaims against the Debtor or any other parties; (d) file a request for payment of an administrative expense under 11 U.S.C. §§ 503 and 507 for any or all of the claims or rights of payment described above and any additional amounts; and (e) seek recovery through any relevant third parties, including any of the Debtor's insurance coverage providers.

9. This Proof of Claim does not encompass all claims that the Claimant or its affiliates may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time, including any such post-petition claims arising under these service contracts.

10. This Proof of Claim is filed without prejudice to the filing by the Claimant of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor. The Claimant does not, by this Proof of Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

11. The Claimant reserves the right to withdraw, amend, clarify, modify or supplement this Proof of Claim to assert additional claims, causes of action or additional grounds for this Proof of Claim (including adding any additional contracts, agreements, obligations or

other relationships between the Claimant and the Debtor), as well as the right to file any separate or additional proofs of claim with respect to the claims set forth herein or otherwise, including for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

12. In executing and filing this Proof of Claim, the Claimant does not submit to the jurisdiction of the Bankruptcy Court for the Northern District of Texas for any purpose other than with respect to this Proof of Claim against the Debtor, and does not waive or release any rights or remedies against any other person or entity that may be liable for all or part of this Proof of Claim.

13. The Claimant otherwise reserves its rights, and nothing herein shall prejudice the Claimant's rights, under any order of the Court previously entered in this chapter 11 case.

14. Payments on account of this Proof of Claim should be sent to the Claimant at the address specified for notices to the Claimant in Part 1.3 of the Proof of Claim.

***

# CLAIM 150

Claim #150 Date Filed: 4/8/2020

**Fill in this information to identify the case:**

Debtor: Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern District of Texas (State)

Case number: 19-34054

Official Form 410

# Proof of Claim

**04/19**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

   HarbourVest Dover Street IX Investment L.P.
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor ______

2. **Has this claim been acquired from someone else?**

   ☑ No
   ☐ Yes. From whom? ______

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| See summary page | See summary page |
| Contact phone 2129096000 | Contact phone 6173483773 |
| Contact email eweisgerber@debevoise.com | Contact email agoren@harbourvest.com |

   Uniform claim identifier for electronic payments in chapter 13 (if you use one): ______

4. **Does this claim amend one already filed?**

   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☑ No
   ☐ Yes. Who made the earlier filing? ______

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?**

$ See Annex. **Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Annex

9. **Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: ______________________

**Basis for perfection:** ______________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________
**Amount of the claim that is secured:** $__________
**Amount of the claim that is unsecured:** $__________(The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)________%
☐ Fixed
☐ Variable

10. **Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

11. **Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ______________________

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $________ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $________ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $________ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$________

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 04/08/2020
MM / DD / YYYY

/s/Michael Pugatch
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Michael Pugatch
First name / Middle name / Last name

Title: Managing Director-Company: HarbourVest Dover Street IX Investment L.P.,

Company: Inv Fund Mgr, by HarbourVest Partners L.P., its Duly Appointed Investme
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone ________ Email

¨1¤}HV4$( \3«

1934...200408000000000060

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

**Debtor:**
19-34054 - Highland Capital Management, L.P.
**District:**
Northern District of Texas, Dallas Division

**Creditor:**
HarbourVest Dover Street IX Investment L.P.
Attn: Erica Weisgerber
Debevoise and Plimpton LLP
919 Third Avenue

New York, NY, 10022
U.S.A.
**Phone:**
2129096000
**Phone 2:**

**Fax:**

**Email:**
eweisgerber@debevoise.com

**Has Supporting Documentation:**
Yes, supporting documentation successfully uploaded
**Related Document Statement:**

**Has Related Claim:**
No
**Related Claim Filed By:**

**Filing Party:**
Authorized agent

**Disbursement/Notice Parties:**
HarbourVest Dover Street IX Investment L.P. c/o
HarbourVest Partners, LLC

One Financial Center

Boston, MA, 02111
U.S.A.
**Phone:**
6173483773
**Phone 2:**

**Fax:**

**E-mail:**
agoren@harbourvest.com
**DISBURSEMENT ADDRESS**

**Other Names Used with Debtor:**

**Amends Claim:**
No
**Acquired Claim:**
No

**Basis of Claim:**
See Annex

**Last 4 Digits:**
No

**Uniform Claim Identifier:**

**Total Amount of Claim:**
See Annex

**Includes Interest or Charges:**
None

**Has Priority Claim:**
No

**Priority Under:**

**Has Secured Claim:**
No
**Amount of 503(b)(9):**
No
**Based on Lease:**
No
**Subject to Right of Setoff:**
No

**Nature of Secured Amount:**
**Value of Property:**
**Annual Interest Rate:**
**Arrearage Amount:**
**Basis for Perfection:**
**Amount Unsecured:**

**Submitted By:**
Michael Pugatch on 08-Apr-2020 4:59:00 p.m. Eastern Time
**Title:**
Managing Director-Company: HarbourVest Dover Street IX Investment L.P., by HarbourVest Partners Ireland Limited, its Alter
**Company:**
Inv Fund Mgr, by HarbourVest Partners L.P., its Duly Appointed Investment Manager, by HarbourVest Partners, LLC, its Gen Ptr

VN: 2FF3E3B762AB4570A51AF333808C6C3D

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| In re: Highland Capital Management, L.P. Debtor. | Chapter 11 Case No. 19-34054 (SGJ) |
|---|---|

**ANNEX TO PROOF OF CLAIM**

1. This annex (the "Annex") is part of and is incorporated by reference into the attached proof of claim (together with the Annex, the "Proof of Claim") and describes in more detail the claims of HarbourVest Dover Street IX Investment L.P. (the "Claimant") against the debtor Highland Capital Management, L.P. (the "Debtor").

2. The Claimant is a limited partner in one of the Debtor's managed vehicles, Highland CLO Funding, Ltd. ("HCLOF"). Acis Capital Management GP, L.L.C. and Acis Capital Management L.P. (together, "Acis"), the portfolio manager for HCLOF, filed for chapter 11 in the United States Bankruptcy Court for the Northern District of Texas (the "Court") on January 30, 2018. The Acis bankruptcy filing resulted from a dispute between Debtor and its former employee, Joshua Terry, who served as portfolio manager for Debtor's collateral loan obligations funds ("CLO") business. *See, e.g., Findings of Fact and Conclusions of Law in Support of Orders for Relief Issued After Trial on Contested Involuntary Bankruptcy Petition* ("Involuntary Petition Ruling") [Case No. 18-30264 (SGJ), Dkt. No. 118]. As noted in more detail in the Court's *Bench Ruling and Memorandum of Law in Support of: (A) Final Approval of Disclosure Statement; and (B) Confirmation of Chapter 11 Trustee's Third Amended Joint Plan* ("Confirmation Ruling") [Case No. 18-30264 (SGJ), Dkt. No 827] and related filings in the Acis

bankruptcy cases, there has been extensive litigation regarding alleged improper conduct associated with the management of, and transactions relating to, Acis, including transactions with and related to HCLOF. *See, e.g.*, *id.*; *Second Amended Complaint* [Case No. 18-03078(SGJ), Dkt. No. 157].

3. Due to the Acis bankruptcy and certain conduct alleged to have been undertaken by the Debtor (to whom Acis subcontracted its functions) and Debtor's employees (who were officers, employees, and agents of Acis), the Claimant has suffered significant harm. Such harm includes, but is not limited to, financial harm resulting from, among other things (i) court orders in the Acis bankruptcy that prevented certain CLOs in which HCLOF was invested from being refinanced or reset and court orders that otherwise regulated the activity of HCLOF; and (ii) significant fees and expenses related to the Acis bankruptcy that were charged to HCLOF. *See, e.g.*, Involuntary Petition Ruling ¶ 27; *see also* Confirmation Ruling.

4. Claimant hereby files this Claim to assert any and all of its rights to payment, remedies, and other claims (including contingent or unliquidated claims) against the Debtor in connection with and relating to the foregoing harm, including for any amounts due or owed under the various agreements with the Debtor in connection with HCLOF (including, but not limited to, the Subscription and Transfer Agreement for Ordinary Shares Highland CLO Funding, Ltd., dated as of November 15, 2017, the Members Agreement Relating to the Company, dated as of November 15, 2017, the Highland CLO Funding, Ltd. Offering Memorandum dated November 15, 2017), and any and all legal and equitable claims or causes of action relating to the foregoing harm.

5. The Claimant has not attached the documentation supporting this Claim to this Proof of Claim because the documentation is voluminous and the Debtor has copies of such

documents. However, any requested relevant documents will be provided to the Official Committee of Unsecured Creditors, the Court, the United States Trustee and the Debtor in the event of a dispute regarding this Proof of Claim and will be made available for review by other parties in interest as appropriate upon reasonable request and after consultation with the Debtor and execution of appropriate confidentiality agreements.

6. This Proof of Claim is filed with a full reservation of rights, including the right to amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time. The filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of any of the Claimant's rights against any person, entity or property accruing to it against the Debtor and its estate; (b) a waiver of the Claimant's rights to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional; (c) a consent or submission by the Claimant, or waiver of the Claimant's rights to object, to the jurisdiction of this Court with respect to the subject matter of any of the claims described herein, or any objection or other proceeding commenced with respect to any of the claims described herein, or any other proceeding commenced in the Debtor's chapter 11 case against or otherwise involving the Claimant; (d) a waiver or release of any right of the Claimant, or consent by the Claimant, to a trial by jury in this or any other court or proceeding; (e) a waiver or release of, or any limitation on, any right of the Claimant to have orders entered only after *de novo* review by a United States District Judge; (f) an election of remedies; or (g) a waiver of, or any other limitation on, any right of the Claimant to request withdrawal of the reference with respect to any matter, including, without limitation, any matter relating to this Proof of Claim.

7. Claimant's express reservation of all rights and causes of action, includes, without limitation, contingent or unliquidated rights that it or its affiliates may have against the Debtor,

as well as defenses, offsets and counterclaims. This description and classification of claims by the Claimant is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of the Claimant.

8. Furthermore, the Claimant expressly reserves its rights to (a) file additional proofs of claim for additional claims that may be based on the same or additional documents or facts or other liability or indebtedness of the Debtor to the Claimant under contract or otherwise; (b) assert claims for cure of defaults in any agreement that the Debtor or any trustee appointed in this chapter 11 case may seek to assume; (c) assert any and all other claims, causes of action, defenses, offsets or counterclaims against the Debtor or any other parties; (d) file a request for payment of an administrative expense under 11 U.S.C. §§ 503 and 507 for any or all of the claims or rights of payment described above and any additional amounts; and (e) seek recovery through any relevant third parties, including any of the Debtor's insurance coverage providers.

9. This Proof of Claim does not encompass all claims that the Claimant or its affiliates may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time, including any such post-petition claims arising under these service contracts.

10. This Proof of Claim is filed without prejudice to the filing by the Claimant of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor. The Claimant does not, by this Proof of Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

11. The Claimant reserves the right to withdraw, amend, clarify, modify or supplement this Proof of Claim to assert additional claims, causes of action or additional grounds for this Proof of Claim (including adding any additional contracts, agreements, obligations or

other relationships between the Claimant and the Debtor), as well as the right to file any separate or additional proofs of claim with respect to the claims set forth herein or otherwise, including for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

12. In executing and filing this Proof of Claim, the Claimant does not submit to the jurisdiction of the Bankruptcy Court for the Northern District of Texas for any purpose other than with respect to this Proof of Claim against the Debtor, and does not waive or release any rights or remedies against any other person or entity that may be liable for all or part of this Proof of Claim.

13. The Claimant otherwise reserves its rights, and nothing herein shall prejudice the Claimant's rights, under any order of the Court previously entered in this chapter 11 case.

14. Payments on account of this Proof of Claim should be sent to the Claimant at the address specified for notices to the Claimant in Part 1.3 of the Proof of Claim.

***

# CLAIM 153

Claim #153 Date Filed: 4/8/2020

**Fill in this information to identify the case:**

Debtor: Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern District of Texas (State)

Case number: 19-34054

Official Form 410

# Proof of Claim

**04/19**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

   HV International VIII Secondary L.P.
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor ____________

2. **Has this claim been acquired from someone else?**

   ☑ No
   ☐ Yes. From whom? ____________

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   **Where should notices to the creditor be sent?**

   HV International VIII Secondary L.P.
   Attn: Erica Weisgerber
   Debevoise and Plimpton LLP
   919 Third Avenue
   New York, NY 10022, U.S.A.

   Contact phone 2129096000
   Contact email eweisgerber@debevoise.com

   **Where should payments to the creditor be sent?** (if different)

   See summary page

   Contact phone 6173483773
   Contact email agoren@harbourvest.com

   Uniform claim identifier for electronic payments in chapter 13 (if you use one): ____________

4. **Does this claim amend one already filed?**

   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☑ No
   ☐ Yes. Who made the earlier filing? ____________

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?**

$ See Annex. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Annex

9. **Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________(The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)________%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: ____________________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $________ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $________ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $________ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$________

**Part 3: Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 04/08/2020
MM / DD / YYYY

/s/Michael Pugatch
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Michael Pugatch
First name / Middle name / Last name

Title: Managing Director-Company: HV International VIII Secondary L.P., by HII

Company: by HarbourVest GP LLC, its General Partner, by HarbourVest Partners, LL
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone ________ Email

¨1¤}HV4$( av«

1934Email2004080000000000065

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

**Debtor:**
19-34054 - Highland Capital Management, L.P.

**District:**
Northern District of Texas, Dallas Division

| | |
|---|---|
| **Creditor:**<br>HV International VIII Secondary L.P.<br>Attn: Erica Weisgerber<br>Debevoise and Plimpton LLP<br>919 Third Avenue<br>New York, NY, 10022<br>U.S.A.<br>**Phone:**<br>2129096000<br>**Phone 2:**<br>**Fax:**<br>**Email:**<br>eweisgerber@debevoise.com | **Has Supporting Documentation:**<br>Yes, supporting documentation successfully uploaded<br>**Related Document Statement:**<br>**Has Related Claim:**<br>No<br>**Related Claim Filed By:**<br>**Filing Party:**<br>Authorized agent |

**Disbursement/Notice Parties:**
HV International VIII Secondary L.P. c/o HarbourVest Partners, LLC
One Financial Center
Boston, MA, 02111
U.S.A.
**Phone:**
6173483773
**Phone 2:**
**Fax:**
**E-mail:**
agoren@harbourvest.com
**DISBURSEMENT ADDRESS**

| | | |
|---|---|---|
| **Other Names Used with Debtor:** | **Amends Claim:**<br>No<br>**Acquired Claim:**<br>No | |
| **Basis of Claim:**<br>See Annex | **Last 4 Digits:**<br>No | **Uniform Claim Identifier:** |
| **Total Amount of Claim:**<br>See Annex | **Includes Interest or Charges:**<br>None | |
| **Has Priority Claim:**<br>No | **Priority Under:** | |
| **Has Secured Claim:**<br>No<br>**Amount of 503(b)(9):**<br>No<br>**Based on Lease:**<br>No<br>**Subject to Right of Setoff:**<br>No | **Nature of Secured Amount:**<br>**Value of Property:**<br>**Annual Interest Rate:**<br>**Arrearage Amount:**<br>**Basis for Perfection:**<br>**Amount Unsecured:** | |

**Submitted By:**
Michael Pugatch on 08-Apr-2020 5:16:54 p.m. Eastern Time

**Title:**
Managing Director-Company: HV International VIII Secondary L.P., by HIPEP VIII Associates L.P., its General Partner,

**Company:**
by HarbourVest GP LLC, its General Partner, by HarbourVest Partners, LLC, its Managing Member

VN: 671DA480298CC9959BF07710FFD6AEBF

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| In re: Highland Capital Management, L.P. Debtor. | Chapter 11 Case No. 19-34054 (SGJ) |
|---|---|

**ANNEX TO PROOF OF CLAIM**

1. This annex (the "Annex") is part of and is incorporated by reference into the attached proof of claim (together with the Annex, the "Proof of Claim") and describes in more detail the claims of HV International VIII Secondary L.P. (the "Claimant") against the debtor Highland Capital Management, L.P. (the "Debtor").

2. The Claimant is a limited partner in one of the Debtor's managed vehicles, Highland CLO Funding, Ltd. ("HCLOF"). Acis Capital Management GP, L.L.C. and Acis Capital Management L.P. (together, "Acis"), the portfolio manager for HCLOF, filed for chapter 11 in the United States Bankruptcy Court for the Northern District of Texas (the "Court") on January 30, 2018. The Acis bankruptcy filing resulted from a dispute between Debtor and its former employee, Joshua Terry, who served as portfolio manager for Debtor's collateral loan obligations funds ("CLO") business. *See, e.g., Findings of Fact and Conclusions of Law in Support of Orders for Relief Issued After Trial on Contested Involuntary Bankruptcy Petition* ("Involuntary Petition Ruling") [Case No. 18-30264 (SGJ), Dkt. No. 118]. As noted in more detail in the Court's *Bench Ruling and Memorandum of Law in Support of: (A) Final Approval of Disclosure Statement; and (B) Confirmation of Chapter 11 Trustee's Third Amended Joint Plan* ("Confirmation Ruling") [Case No. 18-30264 (SGJ), Dkt. No 827] and related filings in the Acis

bankruptcy cases, there has been extensive litigation regarding alleged improper conduct associated with the management of, and transactions relating to, Acis, including transactions with and related to HCLOF. *See, e.g.*, *id.*; *Second Amended Complaint* [Case No. 18-03078(SGJ), Dkt. No. 157].

3. Due to the Acis bankruptcy and certain conduct alleged to have been undertaken by the Debtor (to whom Acis subcontracted its functions) and Debtor's employees (who were officers, employees, and agents of Acis), the Claimant has suffered significant harm. Such harm includes, but is not limited to, financial harm resulting from, among other things (i) court orders in the Acis bankruptcy that prevented certain CLOs in which HCLOF was invested from being refinanced or reset and court orders that otherwise regulated the activity of HCLOF; and (ii) significant fees and expenses related to the Acis bankruptcy that were charged to HCLOF. *See, e.g.*, Involuntary Petition Ruling ¶ 27; *see also* Confirmation Ruling.

4. Claimant hereby files this Claim to assert any and all of its rights to payment, remedies, and other claims (including contingent or unliquidated claims) against the Debtor in connection with and relating to the foregoing harm, including for any amounts due or owed under the various agreements with the Debtor in connection with HCLOF (including, but not limited to, the Subscription and Transfer Agreement for Ordinary Shares Highland CLO Funding, Ltd., dated as of November 15, 2017, the Members Agreement Relating to the Company, dated as of November 15, 2017, the Highland CLO Funding, Ltd. Offering Memorandum dated November 15, 2017), and any and all legal and equitable claims or causes of action relating to the foregoing harm.

5. The Claimant has not attached the documentation supporting this Claim to this Proof of Claim because the documentation is voluminous and the Debtor has copies of such

documents. However, any requested relevant documents will be provided to the Official Committee of Unsecured Creditors, the Court, the United States Trustee and the Debtor in the event of a dispute regarding this Proof of Claim and will be made available for review by other parties in interest as appropriate upon reasonable request and after consultation with the Debtor and execution of appropriate confidentiality agreements.

6. This Proof of Claim is filed with a full reservation of rights, including the right to amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time. The filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of any of the Claimant's rights against any person, entity or property accruing to it against the Debtor and its estate; (b) a waiver of the Claimant's rights to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional; (c) a consent or submission by the Claimant, or waiver of the Claimant's rights to object, to the jurisdiction of this Court with respect to the subject matter of any of the claims described herein, or any objection or other proceeding commenced with respect to any of the claims described herein, or any other proceeding commenced in the Debtor's chapter 11 case against or otherwise involving the Claimant; (d) a waiver or release of any right of the Claimant, or consent by the Claimant, to a trial by jury in this or any other court or proceeding; (e) a waiver or release of, or any limitation on, any right of the Claimant to have orders entered only after *de novo* review by a United States District Judge; (f) an election of remedies; or (g) a waiver of, or any other limitation on, any right of the Claimant to request withdrawal of the reference with respect to any matter, including, without limitation, any matter relating to this Proof of Claim.

7. Claimant's express reservation of all rights and causes of action, includes, without limitation, contingent or unliquidated rights that it or its affiliates may have against the Debtor,

as well as defenses, offsets and counterclaims. This description and classification of claims by the Claimant is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of the Claimant.

8. Furthermore, the Claimant expressly reserves its rights to (a) file additional proofs of claim for additional claims that may be based on the same or additional documents or facts or other liability or indebtedness of the Debtor to the Claimant under contract or otherwise; (b) assert claims for cure of defaults in any agreement that the Debtor or any trustee appointed in this chapter 11 case may seek to assume; (c) assert any and all other claims, causes of action, defenses, offsets or counterclaims against the Debtor or any other parties; (d) file a request for payment of an administrative expense under 11 U.S.C. §§ 503 and 507 for any or all of the claims or rights of payment described above and any additional amounts; and (e) seek recovery through any relevant third parties, including any of the Debtor's insurance coverage providers.

9. This Proof of Claim does not encompass all claims that the Claimant or its affiliates may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time, including any such post-petition claims arising under these service contracts.

10. This Proof of Claim is filed without prejudice to the filing by the Claimant of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor. The Claimant does not, by this Proof of Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

11. The Claimant reserves the right to withdraw, amend, clarify, modify or supplement this Proof of Claim to assert additional claims, causes of action or additional grounds for this Proof of Claim (including adding any additional contracts, agreements, obligations or

other relationships between the Claimant and the Debtor), as well as the right to file any separate or additional proofs of claim with respect to the claims set forth herein or otherwise, including for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

12. In executing and filing this Proof of Claim, the Claimant does not submit to the jurisdiction of the Bankruptcy Court for the Northern District of Texas for any purpose other than with respect to this Proof of Claim against the Debtor, and does not waive or release any rights or remedies against any other person or entity that may be liable for all or part of this Proof of Claim.

13. The Claimant otherwise reserves its rights, and nothing herein shall prejudice the Claimant's rights, under any order of the Court previously entered in this chapter 11 case.

14. Payments on account of this Proof of Claim should be sent to the Claimant at the address specified for notices to the Claimant in Part 1.3 of the Proof of Claim.

***

# CLAIM 154

Claim #154 Date Filed: 4/8/2020

**Fill in this information to identify the case:**

Debtor: Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern District of Texas (State)

Case number: 19-34054

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

HarbourVest Skew Base AIF L.P.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

2. **Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| HarbourVest Skew Base AIF L.P.<br>Attn: Erica Weisgerber<br>Debevoise and Plimpton LLP<br>919 Third Avenue<br>New York, NY 10022, U.S.A. | See summary page |
| Contact phone 2129096000 | Contact phone 6173483773 |
| Contact email eweisgerber@debevoise.com | Contact email agoren@harbourvest.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one): ______

4. **Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?**

$ See Annex. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Annex

9. **Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature or property:**

☐ Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: ______________________

**Basis for perfection:** ______________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________(The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)________%

☐ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes**.** Identify the property: ______________________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

- [x] No
- [ ] Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $__________ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $__________ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $__________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $__________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $__________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $__________ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?**

- [x] No
- [ ] Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$__________

**Part 3: Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

- [ ] I am the creditor.
- [x] I am the creditor's attorney or authorized agent.
- [ ] I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
- [ ] I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 04/08/2020
MM / DD / YYYY

/s/Michael Pugatch
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Michael Pugatch
First name / Middle name / Last name

Title: Managing Director-Company: HarbourVest Skew Base AIF L.P., by HarbourVe

Company: Fund Manager, by HarbourVest Partners L.P., its Duly Appointed Investme
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone ______________ Email

¨1¤}HV4$( `k«

1934[illegible]200408000000000064

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

**Debtor:**
19-34054 - Highland Capital Management, L.P.

**District:**
Northern District of Texas, Dallas Division

**Creditor:**
HarbourVest Skew Base AIF L.P.
Attn: Erica Weisgerber
Debevoise and Plimpton LLP
919 Third Avenue

New York, NY, 10022
U.S.A.

**Phone:**
2129096000

**Phone 2:**

**Fax:**

**Email:**
eweisgerber@debevoise.com

**Has Supporting Documentation:**
Yes, supporting documentation successfully uploaded

**Related Document Statement:**

**Has Related Claim:**
No

**Related Claim Filed By:**

**Filing Party:**
Authorized agent

**Disbursement/Notice Parties:**
HarbourVest Skew Base AIF L.P. c/o HarbourVest Partners, LLC

One Financial Center

Boston, MA, 02111

**Phone:**
6173483773

**Phone 2:**

**Fax:**

**E-mail:**
agoren@harbourvest.com

**DISBURSEMENT ADDRESS**

**Other Names Used with Debtor:**

**Amends Claim:**
No

**Acquired Claim:**
No

**Basis of Claim:**
See Annex

**Last 4 Digits:**
No

**Uniform Claim Identifier:**

**Total Amount of Claim:**
See Annex

**Includes Interest or Charges:**
None

**Has Priority Claim:**
No

**Priority Under:**

**Has Secured Claim:**
No

**Amount of 503(b)(9):**
No

**Based on Lease:**
No

**Subject to Right of Setoff:**
No

**Nature of Secured Amount:**

**Value of Property:**

**Annual Interest Rate:**

**Arrearage Amount:**

**Basis for Perfection:**

**Amount Unsecured:**

**Submitted By:**
Michael Pugatch on 08-Apr-2020 5:11:50 p.m. Eastern Time

**Title:**
Managing Director-Company: HarbourVest Skew Base AIF L.P., by HarbourVest Partners Ireland Limited, its Alternative Inv

**Company:**
Fund Manager, by HarbourVest Partners L.P., its Duly Appointed Investment Manager, by HarbourVest Partners, LLC, its Gen Ptr

VN: 37ADBC619BCE5E389F8F25C4DAB7545F

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Highland Capital Management, L.P. | Case No. 19-34054 (SGJ) |
| Debtor. | |

**ANNEX TO PROOF OF CLAIM**

1. This annex (the "Annex") is part of and is incorporated by reference into the attached proof of claim (together with the Annex, the "Proof of Claim") and describes in more detail the claims of HarbourVest Skew Base AIF L.P. (the "Claimant") against the debtor Highland Capital Management, L.P. (the "Debtor").

2. The Claimant is a limited partner in one of the Debtor's managed vehicles, Highland CLO Funding, Ltd. ("HCLOF"). Acis Capital Management GP, L.L.C. and Acis Capital Management L.P. (together, "Acis"), the portfolio manager for HCLOF, filed for chapter 11 in the United States Bankruptcy Court for the Northern District of Texas (the "Court") on January 30, 2018. The Acis bankruptcy filing resulted from a dispute between Debtor and its former employee, Joshua Terry, who served as portfolio manager for Debtor's collateral loan obligations funds ("CLO") business. *See, e.g.*, *Findings of Fact and Conclusions of Law in Support of Orders for Relief Issued After Trial on Contested Involuntary Bankruptcy Petition* ("Involuntary Petition Ruling") [Case No. 18-30264 (SGJ), Dkt. No. 118]. As noted in more detail in the Court's *Bench Ruling and Memorandum of Law in Support of: (A) Final Approval of Disclosure Statement; and (B) Confirmation of Chapter 11 Trustee's Third Amended Joint Plan* ("Confirmation Ruling") [Case No. 18-30264 (SGJ), Dkt. No 827] and related filings

in the Acis bankruptcy cases, there has been extensive litigation regarding alleged improper conduct associated with the management of, and transactions relating to, Acis, including transactions with and related to HCLOF. *See, e.g.*, *id.*; *Second Amended Complaint* [Case No. 18-03078(SGJ), Dkt. No. 157].

3. Due to the Acis bankruptcy and certain conduct alleged to have been undertaken by the Debtor (to whom Acis subcontracted its functions) and Debtor's employees (who were officers, employees, and agents of Acis), the Claimant has suffered significant harm. Such harm includes, but is not limited to, financial harm resulting from, among other things (i) court orders in the Acis bankruptcy that prevented certain CLOs in which HCLOF was invested from being refinanced or reset and court orders that otherwise regulated the activity of HCLOF; and (ii) significant fees and expenses related to the Acis bankruptcy that were charged to HCLOF. *See, e.g.*, Involuntary Petition Ruling ¶ 27; *see also* Confirmation Ruling.

4. Claimant hereby files this Claim to assert any and all of its rights to payment, remedies, and other claims (including contingent or unliquidated claims) against the Debtor in connection with and relating to the foregoing harm, including for any amounts due or owed under the various agreements with the Debtor in connection with HCLOF (including, but not limited to, the Subscription and Transfer Agreement for Ordinary Shares Highland CLO Funding, Ltd., dated as of November 15, 2017, the Members Agreement Relating to the Company, dated as of November 15, 2017, the Highland CLO Funding, Ltd. Offering Memorandum dated November 15, 2017), and any and all legal and equitable claims or causes of action relating to the foregoing harm.

5. The Claimant has not attached the documentation supporting this Claim to this Proof of Claim because the documentation is voluminous and the Debtor has copies of such

documents. However, any requested relevant documents will be provided to the Official Committee of Unsecured Creditors, the Court, the United States Trustee and the Debtor in the event of a dispute regarding this Proof of Claim and will be made available for review by other parties in interest as appropriate upon reasonable request and after consultation with the Debtor and execution of appropriate confidentiality agreements.

6. This Proof of Claim is filed with a full reservation of rights, including the right to amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time. The filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of any of the Claimant's rights against any person, entity or property accruing to it against the Debtor and its estate; (b) a waiver of the Claimant's rights to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional; (c) a consent or submission by the Claimant, or waiver of the Claimant's rights to object, to the jurisdiction of this Court with respect to the subject matter of any of the claims described herein, or any objection or other proceeding commenced with respect to any of the claims described herein, or any other proceeding commenced in the Debtor's chapter 11 case against or otherwise involving the Claimant; (d) a waiver or release of any right of the Claimant, or consent by the Claimant, to a trial by jury in this or any other court or proceeding; (e) a waiver or release of, or any limitation on, any right of the Claimant to have orders entered only after *de novo* review by a United States District Judge; (f) an election of remedies; or (g) a waiver of, or any other limitation on, any right of the Claimant to request withdrawal of the reference with respect to any matter, including, without limitation, any matter relating to this Proof of Claim.

7. Claimant's express reservation of all rights and causes of action, includes, without limitation, contingent or unliquidated rights that it or its affiliates may have against the Debtor,

as well as defenses, offsets and counterclaims. This description and classification of claims by the Claimant is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of the Claimant.

8. Furthermore, the Claimant expressly reserves its rights to (a) file additional proofs of claim for additional claims that may be based on the same or additional documents or facts or other liability or indebtedness of the Debtor to the Claimant under contract or otherwise; (b) assert claims for cure of defaults in any agreement that the Debtor or any trustee appointed in this chapter 11 case may seek to assume; (c) assert any and all other claims, causes of action, defenses, offsets or counterclaims against the Debtor or any other parties; (d) file a request for payment of an administrative expense under 11 U.S.C. §§ 503 and 507 for any or all of the claims or rights of payment described above and any additional amounts; and (e) seek recovery through any relevant third parties, including any of the Debtor's insurance coverage providers.

9. This Proof of Claim does not encompass all claims that the Claimant or its affiliates may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time, including any such post-petition claims arising under these service contracts.

10. This Proof of Claim is filed without prejudice to the filing by the Claimant of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor. The Claimant does not, by this Proof of Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

11. The Claimant reserves the right to withdraw, amend, clarify, modify or supplement this Proof of Claim to assert additional claims, causes of action or additional grounds for this Proof of Claim (including adding any additional contracts, agreements, obligations or

other relationships between the Claimant and the Debtor), as well as the right to file any separate or additional proofs of claim with respect to the claims set forth herein or otherwise, including for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

12. In executing and filing this Proof of Claim, the Claimant does not submit to the jurisdiction of the Bankruptcy Court for the Northern District of Texas for any purpose other than with respect to this Proof of Claim against the Debtor, and does not waive or release any rights or remedies against any other person or entity that may be liable for all or part of this Proof of Claim.

13. The Claimant otherwise reserves its rights, and nothing herein shall prejudice the Claimant's rights, under any order of the Court previously entered in this chapter 11 case.

14. Payments on account of this Proof of Claim should be sent to the Claimant at the address specified for notices to the Claimant in Part 1.3 of the Proof of Claim.

***

# CLAIM 149

**Fill in this information to identify the case:**

Debtor: Highland Capital Management, L.P.

United States Bankruptcy Court for the: Northern District of Texas (State)

Case number: 19-34054

Official Form 410

# Proof of Claim

**04/19**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

1. **Who is the current creditor?**

   HarbourVest Partners L.P. on behalf of funds and accounts under management
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor ______

2. **Has this claim been acquired from someone else?**

   ☑ No
   ☐ Yes. From whom? ______

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
   |---|---|
   | See summary page | See summary page |
   | Contact phone 2129096000 | Contact phone 6173483773 |
   | Contact email eweisgerber@debevoise.com | Contact email agoren@harbourvest.com |

   Uniform claim identifier for electronic payments in chapter 13 (if you use one): ______

4. **Does this claim amend one already filed?**

   ☑ No
   ☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☑ No
   ☐ Yes. Who made the earlier filing? ______

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

- [x] No
- [ ] Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?**

$ See Annex . **Does this amount include interest or other charges?**

- [ ] No
- [ ] Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Annex

9. **Is all or part of the claim secured?**

- [x] No
- [ ] Yes. The claim is secured by a lien on property.

**Nature or property:**

- [ ] Real estate: If the claim is secured by the debtor's principle residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
- [ ] Motor vehicle
- [ ] Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amount should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)________%

- [ ] Fixed
- [ ] Variable

10. **Is this claim based on a lease?**

- [x] No
- [ ] Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

11. **Is this claim subject to a right of setoff?**

- [x] No
- [ ] Yes. Identify the property: ____________________

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

13. **Is all or part of the claim pursuant to 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 04/08/2020
MM / DD / YYYY

/s/Michael Pugatch
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Michael Pugatch
First name / Middle name / Last name

Title: Managing Director

Company: HarbourVest Partners L.P., on behalf of funds and accounts under manage
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address

Contact phone

Email

¨1¤}HV4$( ]A«

1934 200408000000000061

# KCC ePOC Electronic Claim Filing Summary

For phone assistance: Domestic (877) 573-3984 | International (310) 751-1829

**Debtor:**
19-34054 - Highland Capital Management, L.P.

**District:**
Northern District of Texas, Dallas Division

| **Creditor:** | **Has Supporting Documentation:** |
|---|---|
| HarbourVest Partners L.P. on behalf of funds and accounts under management<br>Attn: Erica Weisgerber<br>Debevoise and Plimpton LLP<br>919 Third Avenue<br>New York, NY, 10022<br>U.S.A.<br>**Phone:**<br>2129096000<br>**Phone 2:**<br>**Fax:**<br>**Email:**<br>eweisgerber@debevoise.com | Yes, supporting documentation successfully uploaded<br>**Related Document Statement:**<br>**Has Related Claim:**<br>No<br>**Related Claim Filed By:**<br>**Filing Party:**<br>Authorized agent |

**Disbursement/Notice Parties:**
HarbourVest Partners L.P. c/o HarbourVest Partners, LLC
One Financial Center
Boston, MA, 02111
U.S.A.
**Phone:**
6173483773
**Phone 2:**
**Fax:**
**E-mail:**
agoren@harbourvest.com
**DISBURSEMENT ADDRESS**

| **Other Names Used with Debtor:** | **Amends Claim:**<br>No<br>**Acquired Claim:**<br>No | |
|---|---|---|
| **Basis of Claim:**<br>See Annex | **Last 4 Digits:**<br>No | **Uniform Claim Identifier:** |
| **Total Amount of Claim:**<br>See Annex | **Includes Interest or Charges:**<br>None | |
| **Has Priority Claim:**<br>No | **Priority Under:** | |
| **Has Secured Claim:**<br>No<br>**Amount of 503(b)(9):**<br>No<br>**Based on Lease:**<br>No<br>**Subject to Right of Setoff:**<br>No | **Nature of Secured Amount:**<br>**Value of Property:**<br>**Annual Interest Rate:**<br>**Arrearage Amount:**<br>**Basis for Perfection:**<br>**Amount Unsecured:** | |

**Submitted By:**
Michael Pugatch on 08-Apr-2020 5:06:59 p.m. Eastern Time

**Title:**
Managing Director

**Company:**
HarbourVest Partners L.P., on behalf of funds and accounts under management, by HarbourVest Partners, LLC, its Gen Partner

VN: EA86458428780C11DA6B606EDE1FA40A

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Highland Capital Management, L.P. | Case No. 19-34054 (SGJ) |
| Debtor. | |

**ANNEX TO PROOF OF CLAIM**

1. This annex (the "Annex") is part of and is incorporated by reference into the attached proof of claim (together with the Annex, the "Proof of Claim") and describes in more detail the claims of HarbourVest Partners L.P. on behalf of funds and accounts under management (the "Claimant") against the debtor Highland Capital Management, L.P. (the "Debtor").

2. The Claimant manages investment funds that are limited partners in one of the Debtor's managed vehicles, Highland CLO Funding, Ltd. ("HCLOF"). Acis Capital Management GP, L.L.C. and Acis Capital Management L.P. (together, "Acis"), the portfolio manager for HCLOF, filed for chapter 11 in the United States Bankruptcy Court for the Northern District of Texas (the "Court") on January 30, 2018. The Acis bankruptcy filing resulted from a dispute between Debtor and its former employee, Joshua Terry, who served as portfolio manager for Debtor's collateral loan obligations funds ("CLO") business. *See, e.g., Findings of Fact and Conclusions of Law in Support of Orders for Relief Issued After Trial on Contested Involuntary Bankruptcy Petition* ("Involuntary Petition Ruling") [Case No. 18-30264 (SGJ), Dkt. No. 118]. As noted in more detail in the Court's *Bench Ruling and Memorandum of Law in Support of: (A) Final Approval of Disclosure Statement; and (B) Confirmation of Chapter 11 Trustee's Third*

*Amended Joint Plan* ("Confirmation Ruling") [Case No. 18-30264 (SGJ), Dkt. No 827] and related filings in the Acis bankruptcy cases, there has been extensive litigation regarding alleged improper conduct associated with the management of, and transactions relating to, Acis, including transactions with and related to HCLOF. *See, e.g.*, *id.*; *Second Amended Complaint* [Case No. 18-03078(SGJ), Dkt. No. 157].

3. Due to the Acis bankruptcy and certain conduct alleged to have been undertaken by the Debtor (to whom Acis subcontracted its functions) and Debtor's employees (who were officers, employees, and agents of Acis), the Claimant has suffered significant harm. Such harm includes, but is not limited to, financial harm resulting from, among other things (i) court orders in the Acis bankruptcy that prevented certain CLOs in which HCLOF was invested from being refinanced or reset and court orders that otherwise regulated the activity of HCLOF; and (ii) significant fees and expenses related to the Acis bankruptcy that were charged to HCLOF. *See, e.g.*, Involuntary Petition Ruling ¶ 27; *see also* Confirmation Ruling.

4. Claimant hereby files this Claim to assert any and all of its rights to payment, remedies, and other claims (including contingent or unliquidated claims) against the Debtor in connection with and relating to the foregoing harm, including for any amounts due or owed under the various agreements with the Debtor in connection with HCLOF (including, but not limited to, the Subscription and Transfer Agreement for Ordinary Shares Highland CLO Funding, Ltd., dated as of November 15, 2017, the Members Agreement Relating to the Company, dated as of November 15, 2017, the Highland CLO Funding, Ltd. Offering Memorandum dated November 15, 2017), and any and all legal and equitable claims or causes of action relating to the foregoing harm.

5. The Claimant has not attached the documentation supporting this Claim to this Proof of Claim because the documentation is voluminous and the Debtor has copies of such documents. However, any requested relevant documents will be provided to the Official Committee of Unsecured Creditors, the Court, the United States Trustee and the Debtor in the event of a dispute regarding this Proof of Claim and will be made available for review by other parties in interest as appropriate upon reasonable request and after consultation with the Debtor and execution of appropriate confidentiality agreements.

6. This Proof of Claim is filed with a full reservation of rights, including the right to amend, update, modify, supplement or otherwise revise this Proof of Claim in any respect at any time. The filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of any of the Claimant's rights against any person, entity or property accruing to it against the Debtor and its estate; (b) a waiver of the Claimant's rights to assert that 28 U.S.C. § 157(b)(2)(C) is unconstitutional; (c) a consent or submission by the Claimant, or waiver of the Claimant's rights to object, to the jurisdiction of this Court with respect to the subject matter of any of the claims described herein, or any objection or other proceeding commenced with respect to any of the claims described herein, or any other proceeding commenced in the Debtor's chapter 11 case against or otherwise involving the Claimant; (d) a waiver or release of any right of the Claimant, or consent by the Claimant, to a trial by jury in this or any other court or proceeding; (e) a waiver or release of, or any limitation on, any right of the Claimant to have orders entered only after *de novo* review by a United States District Judge; (f) an election of remedies; or (g) a waiver of, or any other limitation on, any right of the Claimant to request withdrawal of the reference with respect to any matter, including, without limitation, any matter relating to this Proof of Claim.

7. Claimant's express reservation of all rights and causes of action, includes, without limitation, contingent or unliquidated rights that it or its affiliates may have against the Debtor, as well as defenses, offsets and counterclaims. This description and classification of claims by the Claimant is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of the Claimant.

8. Furthermore, the Claimant expressly reserves its rights to (a) file additional proofs of claim for additional claims that may be based on the same or additional documents or facts or other liability or indebtedness of the Debtor to the Claimant under contract or otherwise; (b) assert claims for cure of defaults in any agreement that the Debtor or any trustee appointed in this chapter 11 case may seek to assume; (c) assert any and all other claims, causes of action, defenses, offsets or counterclaims against the Debtor or any other parties; (d) file a request for payment of an administrative expense under 11 U.S.C. §§ 503 and 507 for any or all of the claims or rights of payment described above and any additional amounts; and (e) seek recovery through any relevant third parties, including any of the Debtor's insurance coverage providers.

9. This Proof of Claim does not encompass all claims that the Claimant or its affiliates may have that arise after the Petition Date and are entitled to administrative priority, and the Claimant expressly reserves its right to file such claim or any similar claim at the appropriate time, including any such post-petition claims arising under these service contracts.

10. This Proof of Claim is filed without prejudice to the filing by the Claimant of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of the Debtor. The Claimant does not, by this Proof of Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

11. The Claimant reserves the right to withdraw, amend, clarify, modify or supplement this Proof of Claim to assert additional claims, causes of action or additional grounds for this Proof of Claim (including adding any additional contracts, agreements, obligations or other relationships between the Claimant and the Debtor), as well as the right to file any separate or additional proofs of claim with respect to the claims set forth herein or otherwise, including for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

12. In executing and filing this Proof of Claim, the Claimant does not submit to the jurisdiction of the Bankruptcy Court for the Northern District of Texas for any purpose other than with respect to this Proof of Claim against the Debtor, and does not waive or release any rights or remedies against any other person or entity that may be liable for all or part of this Proof of Claim.

13. The Claimant otherwise reserves its rights, and nothing herein shall prejudice the Claimant's rights, under any order of the Court previously entered in this chapter 11 case.

14. Payments on account of this Proof of Claim should be sent to the Claimant at the address specified for notices to the Claimant in Part 1.3 of the Proof of Claim.

***