# EXHIBIT 5

Appx. 00112

Docket #1706  Date Filed: 01/08/2021

Douglas S. Draper, La. Bar No. 5073
ddraper@hellerdraper.com
Leslie A. Collins, La. Bar No. 14891
lcollins@hellerdraper.com
Greta M. Brouphy, La. Bar No. 26216
gbrouphy@hellerdraper.com
Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
*Attorneys for The Dugaboy Investment Trust and Get Good Trust*

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | * | Chapter 11 |
| | * | |
| | * | Case No. 19-34054sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. | * | |
| | * | |
| Debtor | * | |

**OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT WITH HARBOURVEST (CLAIM NOS. 143, 147, 149, 150, 153, 154) AND AUTHORIZING ACTIONS CONSISTENT THEREWITH**

The Dugaboy Investment Trust and Get Good Trust (jointly, "Objectors"), submit this Objection for the purpose of objecting to the *Debtor's Motion for Entry of an Order Approving Settlement with HarbourVest (Claim Nos. 143, 147, 149, 150, 153, 154) and Authorizing Actions Consistent Therewith* [Dkt. #1625] (the "Motion") filed by Highland Capital Management, L.P. (the "Debtor"). Through the Motion, the Debtor seeks approval of its compromise with HarbourVest 2017 Global Fund L.P., HarbourVest 2017 Global AIF L.P., HarbourVest Dover Street IX Investment L.P., HV International VIII Secondary L.P., HarbourVest Skew Base AIF L.P., and HarbourVest Partners L.P. (collectively, "HarbourVest") pursuant to Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this objection, Objectors respectfully represent as follows:

### I. INTRODUCTION

1. Objectors recognize that Courts favorably view settlements and, as a matter of course, generally approve settlements as being in the best interest of the bankruptcy estate. The settlement proposed herein, however, is different than other settlements inasmuch as it represents a 180 degree departure from the Debtor's own analysis of the Claim of HarbourVest and the fact that the settlement is tied to HarbourVest approving the Debtor's plan. Little or no information is provided by the Debtor as to why its initial analysis was flawed and what information or legal principal it discovered to change a zero claim into a massive claim that will have a significant impact on the recovery to creditors.

### II. BACKGROUND

2. On October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

3. On October 29, 2019, the Official Committee of Unsecured Creditors (the "Committee") was appointed by the U.S. Trustee in Delaware.

4. On December 4, 2019, the venue of this case was transferred. [Dkt. #186].

5. On July 16, 2020, this Court entered an order authorizing the Debtor to employ James P. Seery, Jr. as Chief Executive Officer and Chief Restructuring Officer of the Debtor. [See Dkt. #854].

6. On April 8, 2020, HarbourVest filed Proofs of Claim Numbers 143, 149, 149, 150, 153, and 154 (collectively, the "HarbourVest Claim")[1].

7. On July 30, 2020, the Debtor filed *Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No Liability Claims; and (F) Insufficient-Documentation Claims* [Dkt. #906] (the "Debtor Objection"), which contained an objection to the HarbourVest Claim.

8. On September 11, 2020, HarbourVest filed *HarbourVest Response to Debtor's First Omnibus Objection to Certain (A) Duplicate Claims; (B) Overstated Claims; (C) Late-Filed Claims; (D) Satisfied Claims; (E) No Liability Claims; and (F) Insufficient-Documentation Claims* [Dkt. #1057] (the "HarbourVest Response").

9. The Debtor, in its *Disclosure Statement for the Fifth Amended Plan of Reorganization of Highland Capital Management, L.P.* [Dkt. #1473 pgs. 40-41], described its position relative to the HarbourVest Claim as follows:

> The Debtor intends to **vigorously** defend the HarbourVest Claims on various grounds ….. The HarbourVest Entities invested approximately $80,000,000.00 in HCLOF but seek an allowed claim in excess of 300 million dollars (after giving effect to treble damages for the alleged RICO violations)

10. On December 23, 2020, the Debtor filed the Motion seeking approval of a proposed settlement of the HarbourVest Claim under Rule 9019. [Dkt. # 1625].

11. The proposed settlement provides HarbourVest with the following:

   a. An allowed, general unsecured claim in the amount of $45,000,000.00 [Dkt. #1625 pg. 9 pp.f]; and

---

[1] While HarbourVest has filed a number of claims, each filed claim is exactly the same except in the name of the claimant. See Claim Nos. 143, 147, 149, 150, 153, and 154.

{00374914-6} 3

b. A $35,000,000 claim in Class 9 [Dkt. #1625 pg. 9 pp.f].

12. An integral element of the settlement requires that HarbourVest will "support confirmation of the Debtor's Plan including, but not limited to, voting its claims in support of the Plan."

13. The settlement also contains a provision that HarbourVest will transfer its entire interest in HCLOF to an entity to be designated by the Debtor. It is unclear whether HarbourVest has a right to transfer the interest and secondly, what the Debtor will do with the interest [Dkt. #1625 pp.f].

14. The sole support for the Motion is the Declaration of John Morris [Dkt. #1631] which fails to account for the enormous change in the Debtor's position between November 24, 2020 when the Disclosure Statement was approved and December 23, 2020 when the Motion was filed, a period of less than thirty (30) days.

15. The Declaration of John Morris [Dkt. #1631] also contains no information as to the potential cost of the litigation, whether HarbourVest can transfer the interest or reasons, other than conclusory reasons, as to why the settlement is beneficial to the estate. The Debtor makes the assertion that the interest it is acquiring was worth $22,000,000.00 as of December 1, 2020 without advising as to the basis for the valuation. Is it a book value and, if not, what was the methodology employed to arrive at the valuation? The Court has no basis to evaluate the settlement without essential information as to 1) how the asset being acquired is valued; 2) can the Debtor acquire the interest; and 3) how will the Debtor bring value to the estate in connection with the interest inasmuch as the Debtor has discretion as to where to place the asset to be acquired.

A. **LEGAL STANDARDS**

16. The law relative to approval of motions pursuant to BR 9019 is well settled. The settlement must be fair and equitable. *See In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980). The factors the Court should consider are the following:

(i) the probabilities of ultimate success should the claim be litigated;

(ii) the complexity, expense, and likely duration of litigating the claim;

(iii) the difficulties of collecting a judgment rendered from such litigation; and,

(iv) all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).

17. Although the Debtor's business judgment is entitled to a certain deference, "business judgment" is not alone determinative of the issue of court approval. *See In re Endoscopy Ctr. of S. Nev., LLC*, 451 B.R. 527, 536 (Bankr. D. Nev. 2011). However, notwithstanding the business judgment rule, a debtor does not have unfettered freedom to do what it wishes. *See In re Pilgrim's Pride Corp.*, 403 B.R. 413, 426 (Bankr. N.D. Tex. 2009) ("[A]s a fiduciary holding its estate in trust and responsible to the court, a debtor in possession must administer its case and conduct its business in a fashion amenable to the scrutiny to be expected from creditor and court oversight.").

**B.   ISSUES WITH THE SETTLEMENT**

18. Objectors believe that the following issues are not explained or addressed in the Motion and, thus, the Motion should be denied:

a) The settlement represents a radical change in the Debtor's position that was set forth in its Disclosure Statement. While the Debtor asserts that its position is

    based on its fear of parties' oral testimony, the size of the transactions at issue make the case a document case, as opposed to who said what, when and how. A review of the applicable documents to determine whether they support the Debtor's initial position is warranted, as opposed to stating that the case is based upon the credibility of a witness. This settlement is not the settlement of an automobile accident where the parties are disputing who ran a red light;

b) The settlement requires HarbourVest to support and vote in favor of the Debtor's Plan. On its face this appears to be vote buying. The settlement should not be conditioned upon HarbourVest's support or non-support of the Plan and its vote in favor or against the Plan; and

c) No information is provided as to whether the Debtor can acquire the interest in HCLOF, liquidate the interest, who will receive the interest, or how will the estate benefit from the interest to be acquired.

## CONCLUSION

The settlement with HarbourVest has too many questions to be approved on the record before this Court and the parties, due to the Notice of the Motion, the holidays and the press of other litigation in this case, do not have the time to adequately investigate the propriety of the settlement.

January 8, 2021

                                            Respectfully submitted,

                                            */s/Douglas S. Draper.*
                                            Douglas S. Draper, La. Bar No. 5073
                                            ddraper@hellerdraper.com
                                            Leslie A. Collins, La. Bar No. 14891
                                            lcollins@hellerdraper.com
                                            Greta M. Brouphy, La. Bar No. 26216

gbrouphy@hellerdraper.com

Heller, Draper & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130
Telephone: (504) 299-3300
Fax: (504) 299-3399
*Attorneys for The Dugaboy Investment Trust
 and Get Good Trust*

## CERTIFICATE OF SERVICE

I do hereby certify that on the 8th day of January, 2021, a copy of the above and foregoing *Objection To Debtor's Motion For Entry Of  An Order Approving Settlement With Harbourvest (Claim Nos. 143, 147, 149, 150, 153, 154) And Authorizing Actions Consistent Therewith* has been served electronically to all parties entitled to receive electronic notice in this matter through the Court's ECF system as follows:

- David G. Adams    david.g.adams@usdoj.gov, southwestern.taxcivil@usdoj.gov;dolores.c.lopez@usdoj.gov
- Amy K. Anderson    aanderson@joneswalker.com, lfields@joneswalker.com
- Zachery Z. Annable    zannable@haywardfirm.com
- Bryan C. Assink    bryan.assink@bondsellis.com
- Asif Attarwala    asif.attarwala@lw.com
- Joseph E. Bain    JBain@joneswalker.com, kvrana@joneswalker.com;joseph-bain-8368@ecf.pacerpro.com;msalinas@joneswalker.com
- Michael I. Baird    baird.michael@pbgc.gov, efile@pbgc.gov
- Sean M. Beach    bankfilings@ycst.com, sbeach@ycst.com
- Paul Richard Bessette    pbessette@KSLAW.com, ccisneros@kslaw.com;jworsham@kslaw.com;kbryan@kslaw.com;jcarvalho@kslaw.com;rmatsumura@kslaw.com
- John Y. Bonds    john@bondsellis.com, joyce.rehill@bondsellis.com
- Larry R. Boyd    lboyd@abernathy-law.com, ljameson@abernathy-law.com
- Jason S. Brookner    jbrookner@grayreed.com, lwebb@grayreed.com;acarson@grayreed.com
- Greta M. Brouphy    gbrouphy@hellerdraper.com, dhepting@hellerdraper.com;esixkiller@hellerdraper.com;jmarino@hellerdraper.com
- M. David Bryant    dbryant@dykema.com, csmith@dykema.com
- Candice Marie Carson    Candice.Carson@butlersnow.com
- Annmarie Antoniette Chiarello    achiarello@winstead.com
- Shawn M. Christianson    schristianson@buchalter.com, cmcintire@buchalter.com
- James Robertson Clarke    robbie.clarke@bondsellis.com
- Matthew A. Clemente    mclemente@sidley.com, matthew-clemente-8764@ecf.pacerpro.com;efilingnotice@sidley.com;ebromagen@sidley.com;alyssa.russell@sidley.com;dtwomey@sidley.com

- Megan F. Clontz    mclontz@spencerfane.com, lvargas@spencerfane.com
- Andrew Clubok    andrew.clubok@lw.com
- Leslie A. Collins    lcollins@hellerdraper.com
- David Grant Crooks    dcrooks@foxrothschild.com, etaylor@foxrothschild.com,jsagui@foxrothschild.com,plabov@foxrothschild.com,jmanfrey@foxrothschild.com
- Gregory V. Demo    gdemo@pszjlaw.com, jo'neill@pszjlaw.com;ljones@pszjlaw.com;jfried@pszjlaw.com;ikharasch@pszjlaw.com;jmorris@pszjlaw.com;jpomerantz@pszjlaw.com;hwinograd@pszjlaw.com;kyee@pszjlaw.com
- Casey William Doherty    casey.doherty@dentons.com, dawn.brown@dentons.com;Docket.General.Lit.DAL@dentons.com;Melinda.sanchez@dentons.com
- Douglas S. Draper    ddraper@hellerdraper.com, dhepting@hellerdraper.com;esixkiller@hellerdraper.com;jmarino@hellerdraper.com
- Lauren Kessler Drawhorn    lauren.drawhorn@wickphillips.com, samantha.tandy@wickphillips.com
- Vickie L. Driver    Vickie.Driver@crowedunlevy.com, crissie.stephenson@crowedunlevy.com;seth.sloan@crowedunlevy.com;elisa.weaver@crowedunlevy.com;ecf@crowedunlevy.com
- Jonathan T. Edwards    jonathan.edwards@alston.com
- Jason Alexander Enright    jenright@winstead.com
- Robert Joel Feinstein    rfeinstein@pszjlaw.com
- Matthew Gold    courts@argopartners.net
- Bojan Guzina    bguzina@sidley.com
- Thomas G. Haskins    thaskins@btlaw.com
- Melissa S. Hayward    MHayward@HaywardFirm.com, mholmes@HaywardFirm.com
- Michael Scott Held    mheld@jw.com, lcrumble@jw.com
- Gregory Getty Hesse    ghesse@HuntonAK.com, amckenzie@HuntonAK.com;tcanada@HuntonAK.com;creeves@HuntonAK.com
- Juliana Hoffman    jhoffman@sidley.com, txefilingnotice@sidley.com;julianna-hoffman-8287@ecf.pacerpro.com
- A. Lee Hogewood    lee.hogewood@klgates.com, haley.fields@klgates.com;matthew.houston@klgates.com;courtney.ritter@klgates.com;mary-beth.pearson@klgates.com
- Warren Horn    whorn@hellerdraper.com, dhepting@hellerdraper.com;esixkiller@hellerdraper.com;jmarino@hellerdraper.com
- John J. Kane    jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com
- Jason Patrick Kathman    jkathman@spencerfane.com, gpronske@spencerfane.com;mclontz@spencerfane.com;lvargas@spencerfane.com
- Edwin Paul Keiffer    pkeiffer@romclaw.com, bwallace@romclaw.com
- Jeffrey Kurtzman    kurtzman@kurtzmansteady.com
- Phillip L. Lamberson    plamberson@winstead.com
- Lisa L. Lambert    lisa.l.lambert@usdoj.gov
- Paul M. Lopez    bankruptcy@abernathy-law.com
- Faheem A. Mahmooth    mahmooth.faheem@pbgc.gov, efile@pbgc.gov

- Ryan E. Manns    ryan.manns@nortonrosefulbright.com
- Thomas M. Melsheimer    tmelsheimer@winston.com, tom-melsheimer-7823@ecf.pacerpro.com
- Paige Holden Montgomery    pmontgomery@sidley.com, txefilingnotice@sidley.com;paige-montgomery-7756@ecf.pacerpro.com;crognes@sidley.com
- J. Seth Moore    smoore@ctstlaw.com, jsteele@ctstlaw.com
- John A. Morris    jmorris@pszjlaw.com
- Edmon L. Morton    emorton@ycst.com
- David Neier    dneier@winston.com, dcunsolo@winston.com;david-neier-0903@ecf.pacerpro.com
- Holland N. O'Neil    honeil@foley.com, jcharrison@foley.com;acordero@foley.com
- Rakhee V. Patel    rpatel@winstead.com, dgalindo@winstead.com;achiarello@winstead.com
- Charles Martin Persons    cpersons@sidley.com
- Mark A. Platt    mplatt@fbtlaw.com, aortiz@fbtlaw.com
- Jeffrey Nathan Pomerantz    jpomerantz@pszjlaw.com
- Kimberly A. Posin    kim.posin@lw.com, colleen.rico@lw.com
- Linda D. Reece    lreece@pbfcm.com
- Penny Packard Reid    preid@sidley.com, txefilingnotice@sidley.com;penny-reid-4098@ecf.pacerpro.com;ncade@sidley.com
- Davor Rukavina    drukavina@munsch.com
- Amanda Melanie Rush    asrush@jonesday.com
- Alyssa Russell    alyssa.russell@sidley.com
- Douglas J. Schneller    douglas.schneller@rimonlaw.com
- Brian Patrick Shaw    shaw@roggedunngroup.com, cashion@roggedunngroup.com;jones@roggedunngroup.com
- Michelle E. Shriro    mshriro@singerlevick.com, scotton@singerlevick.com;tguillory@singerlevick.com
- Nicole Skolnekovich    nskolnekovich@hunton.com, plozano@huntonak.com;astowe@huntonak.com;creeves@huntonak.com
- Jared M. Slade    jared.slade@alston.com
- Frances Anne Smith    frances.smith@judithwross.com, michael.coulombe@judithwross.com
- Eric A. Soderlund    eric.soderlund@judithwross.com
- Martin A. Sosland    martin.sosland@butlersnow.com, ecf.notices@butlersnow.com,velvet.johnson@butlersnow.com
- Laurie A. Spindler    Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com
- Jonathan D. Sundheimer    jsundhimer@btlaw.com
- Kesha Tanabe    kesha@tanabelaw.com
- Chad D. Timmons    bankruptcy@abernathy-law.com
- Dennis M. Twomey    dtwomey@sidley.com
- Basil A. Umari    BUmari@dykema.com, pelliott@dykema.com
- United States Trustee    ustpregion06.da.ecf@usdoj.gov
- Artoush Varshosaz    artoush.varshosaz@klgates.com, Julie.garrett@klgates.com

{00374914-6}                                     9

- Donna K. Webb    donna.webb@usdoj.gov, brian.stoltz@usdoj.gov;CaseView.ECF@usdoj.gov;brooke.lewis@usdoj.gov
- Jaclyn C. Weissgerber    bankfilings@ycst.com, jweissgerber@ycst.com
- Elizabeth Weller    dallas.bankruptcy@publicans.com, dora.casiano-perez@lgbs.com;Melissa.palo@lgbs.com
- Daniel P. Winikka    danw@lfdslaw.com, craigs@lfdslaw.com,dawnw@lfdslaw.com,ivys@lfdslaw.com
- Hayley R. Winograd    hwinograd@pszjlaw.com
- Megan Young-John    myoung-john@porterhedges.com


*/s/Douglas S. Draper*