PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| In re: CHARITABLE DAF FUND, L.P., AND CLO HOLDCO LTD.,<br>Plaintiffs,<br>vs.<br>HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND HCF ADVISOR, LTD., AND HIGHLAND CLO FUNDING, LTD.<br>Defendants | Adv. Pro. No. 21-03067-sgj |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
### RENEWED MOTION TO DISMISS COMPLAINT

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

DOCS_NY:46794.4 36027/003

**TABLE OF CONTENTS**

Page

I. PLAINTIFFS' SO-CALLED "MOTIONS" MUST BE DENIED ................................... 1

II. THE COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED ........................................................................................................................ 4

   A. Judicial Estoppel Bars Counts 2 and 5 ................................................................ 4

   B. Plaintiffs Concede Dismissal of Their RICO Claim ........................................... 6

   C. Plaintiffs' Breach of Fiduciary Duty Claim Fails ............................................... 6

   D. Plaintiffs' Breach of Contract and Tortious Interference Claims Fail ............... 9

   E. Plaintiffs' Negligence Claim Fails .................................................................... 10

III. CONCLUSION ................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**CASES**

*1st & Trinity Super Majority, LLC v. Milligan*,
  2022 Tex. App. LEXIS 4842 (Tex. App. July 14, 2022) .......................................................... 10

*360 Sec. Partners, LLC v. Hammond*,
  No. 3:21-CV-3004-B, 2022 U.S. Dist. LEXIS 140283 (N.D. Tex. Aug. 8, 2022) ..................... 8

*Butler v. Denka Performance Elastomer, LLC*,
  2022 U.S. Dist. LEXIS 4981 (E.D. La. Jan. 11, 2022) ............................................................ 2

*Charitable DAF Fund, L.P. v. Highland Cap. Mgmt. L.P. (In re Highland Cap. Mgmt. L.P.)*,
  2022 Bankr. LEXIS 2780 (Bankr. N.D. Tex. Sep. 30, 2022) ................................................ 3, 4

*Commerce Bank v. Malloy*,
  2013 U.S. Dist. LEXIS 106329 (N.D. Okl a. July 30, 2013) .................................................... 5

*Dandridge v. Williams*,
  397 U.S. 471 (1970) .................................................................................................................. 2

*Doe v. Columbia-Brazoria Indep. Sch. Dist.*,
  855 F.3d 681 (5th Cir. 2017) .................................................................................................... 2

*Du Bois v. Martin Luther King Jr Family Clinic, Inc.*,
  2018 U.S. Dist. LEXIS 246910 (N.D. Tex. May 29, 2018) ...................................................... 2

*E-Dealer Direct v. Bank of Am., N.A.*,
  No. EP-21-CV-62-DB, 2021 U.S. Dist. LEXIS 99011 (W.D. Tex. May 25, 2021) ................. 6

*Jackson v. Dear and Others*,
  Judgment 10/2013 (Royal Ct. Guernsey 26 March 2013) ........................................................ 9

*Jacquez v. Geo Int'l Mgmt.*,
  2021 U.S. Dist. LEXIS 130474 (W.D. Tex. Mar. 24, 2021) .................................................... 2

*Legate v. Livingston*,
  822 F.3d 207 (5th Cir. 2016) .................................................................................................... 2

*Leyse v. Bank of Am. Nat'l Ass'n*,
  804 F.3d 316 (3d Cir. 2015) ..................................................................................................... 2

*Mary E. Bivins Found. v. Highland Cap. Mgmt., L.P.*,
  451 S.W.3d 104 (Tex. App. 2014) ........................................................................................... 7

*Mora v. Angiodynamics, Inc. Defs.*,
  2022 U.S. Dist. LEXIS 200544 (S.D. Tex. Sep. 20, 2022) ...................................................... 4

*Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*,
  No. 22-10387, 2022 U.S. App. LEXIS 31958 (5th Cir. Nov. 18, 2022) .................................. 1

*NexPoint Diversified Real Estate Tr. v. Acis Cap. Mgmt., L.P.*,
    2022 U.S. Dist. LEXIS 142029 (S.D.N.Y. Aug. 9, 2022) ................................................... 7

*Occidental Petro. Corp. v. Sanchez Energy Corp. (In re Sanchez Energy Corp.)*,
    631 B.R. 847 (Bankr. S.D. Tex. 2021) ............................................................................ 10

*Omega Overseas, Ltd. v. Griffith*,
    2014 U.S. Dist. LEXIS 109781 (S.D.N.Y. Aug. 7, 2014) ................................................... 7

*Perkins v. Starbucks Corp.*,
    2022 U.S. Dist. LEXIS 208484 (S.D. Tex. Nov. 17, 2022) ................................................ 3

*Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*,
    374 F.3d 330 (5th Cir. 2004) .......................................................................................... 5

*Wells Fargo Trust Co., N.A. v. Sioux City*,
    2022 U.S. Dist. LEXIS 81860 (D. Neb. May 5, 2022) ...................................................... 2

*WickFire, L.L.C. v. Woodruff*,
    989 F.3d 343 (5th Cir. 2021) ......................................................................................... 10

DOCS_NY:46794.4 36027/003

Highland[2] submits this reply in further support of Highland's Motion [Docket No. 122].

## I. PLAINTIFFS' SO-CALLED "MOTIONS" MUST BE DENIED[3]

1. In an effort to put their RICO claim (Count 3) into suspended animation so that they can re-assert it at some later date (and presumably in a different court), Plaintiffs "move to dismiss" that Count pursuant to FRCP 41(a) while attempting to "reserve the right to bring such a claim." Pl. Mem at 23.[4] But by its plain terms, Rule 41(a) only permits "an action" to be dismissed, not a single claim in a complaint. *Nat'l Horsemen's Benevolent & Protective Ass'n v. Black*, No. 22-10387, 2022 U.S. App. LEXIS 31958, at *19 & n.15 (5th Cir. Nov. 18, 2022). If Plaintiffs want to dismiss their entire complaint with prejudice, they are welcome to do so. But Plaintiffs cannot dismiss a single claim without prejudice just by saying so. Absent a voluntary dismissal of their entire case, Plaintiffs must face the music on this Motion.[5]

2. Separately, Plaintiffs' argument that the Motion violates FRCP 12(g) and should therefore be stricken as a "successive motion to dismiss" is based on the erroneous notion that this Court "presumptively denied Highland's bases for dismissal on the merits by not ruling on them." Pl. Mem. at 5-6. In fact, ***the Court did the exact opposite***. After ruling that Plaintiffs were estopped from bringing their claims, the Court expressly stated that it would "forego" and "refrain"

---

[2] Capitalized terms used but not defined herein have the meanings given to them in *Highland's Memorandum of Law in Support of Defendant Highland Capital Management, L.P.'s Renewed Motion to Dismiss Complaint* [Docket No. 123] (the "Memorandum" or "Mem.").

[3] Each of Plaintiffs' so-called "motions" is procedurally improper because each fails to comply with Rule 7007-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas* in every respect and should be denied on that basis alone.

[4] Citations to "Pl. Mem. at __" refer to *Plaintiffs' Response to Renewed Motion to Dismiss Complaint* [Docket No. 130] (which also includes Plaintiffs' Appendix ("Pl. Appx. __")).

[5] In order to dismiss only Count 3, Plaintiffs were required to move for leave to amend pursuant to FRCP 15. Had they followed the rule, Highland would have pointed out that the dismissal of Count 3 would have to be with prejudice because Plaintiffs' attempt to preserve their right to bring the RICO claim in a separate action would present a textbook case of *res judicata*. *See* Original MTD Decision [Docket No. 100 at 11] (citing cases).

from addressing Highland's substantive arguments "for the sake of efficiency and judicial economy," while also noting that it was "inclined to agree with these arguments." MTD Order at 26. Now, following remand, Highland renews its motion to dismiss each claim on the same basis—failure to state a claim—that it initially asserted because it never obtained a substantive ruling on those aspects of the Original MTD. That is entirely appropriate because the assertion after remand of defenses not initially addressed is not duplicative. *See Butler v. Denka Performance Elastomer, LLC*, 2022 U.S. Dist. LEXIS 4981, at *11 (E.D. La. Jan. 11, 2022).[6]

3.  Even if it were (and it is not), the Court still maintains the discretion to entertain even a duplicative motion if judicial economy would be served by doing so, rather than forcing Highland to answer and then assert the same grounds on a Rule 12(c) motion. *See Jacquez v. Geo Int'l Mgmt.*, 2021 U.S. Dist. LEXIS 130474, at *4 (W.D. Tex. Mar. 24, 2021) (court has discretion to entertain second Rule 12(b)(6) motion) (citing *Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d 681, 686 (5th Cir. 2017)); *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 321-22 (3d Cir. 2015); *Wells Fargo Trust Co., N.A. v. Sioux City*, 2022 U.S. Dist. LEXIS 81860, at *10 (D. Neb. May 5, 2022). Here, where the Complaint is plainly vulnerable, there is no reason to require Highland to expend additional time and expense answering the Complaint and engaging in legally unnecessary discovery at the behest of a serial litigant's sock puppet.

---

[6] Plaintiffs' suggestion that this Court "presumptively denied" the Original MTD "on the merits" is plainly wrong and is not supported by the cases they cite. *Dandridge v. Williams*, 397 U.S. 471, 475 n.6 (1970), does not hold that matters not ruled on by the lower court are "presumptively denied." Instead, the Supreme Court observed that "when the court from which a case comes has expressed no views on a controlling question, it may be appropriate to remand the case rather than deal with the merits of that question in this Court." Here, Highland asks this Court to now address the merits of the other arguments it raised in the Original MTD. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016), simply recognized that appellant there failed to address on appeal the core holding of the decision against him and is irrelevant. *Du Bois v. Martin Luther King Jr Family Clinic, Inc.*, 2018 U.S. Dist. LEXIS 246910 (N.D. Tex. May 29, 2018), was in a completely different posture than this case. In *Du Bois*, the defendant filed a cursory motion to dismiss and then, two months later, an "amended" motion to dismiss asserting additional bases. The court denied the motion as a second motion under Rule 12(g). That is radically different than the matter here, where the District Court remanded, and Highland is asserting the same basis for dismissal and substantially the same arguments.

4. Next, Plaintiffs "move to strike" Highland's Appendix, claiming that "a court cannot take judicial notice of unpled facts unless the facts are undisputed." Pl. Mem. at 6. Plaintiffs' contention is without merit. The Fifth Circuit's standard is clear:

> When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201.

*Perkins v. Starbucks Corp.*, 2022 U.S. Dist. LEXIS 208484, at *8 (S.D. Tex. Nov. 17, 2022).[7]

5. With the exception of exhibits 7, 13, and 14, all documents in the Appendix are on the docket of this Court or the District Court and are therefore properly included. *See id.* at *3 n.1. Exhibit 7 (the deposition of HarbourVest's Michael Pugatch) is cited solely to establish the undisputed fact that Plaintiffs had the opportunity to conduct discovery on the 9019 Motion. Exhibits 13 and 14—the Member Agreement and the DAF/Highland advisory agreement—are the weak linchpins of Plaintiffs' claims and are referenced in the Complaint.[8] Thus, all of the documents in the Appendix are properly before the Court.[9]

6. Plaintiffs' fourth improperly asserted "motion" is for leave to amend. Plaintiffs complain of the difficulty of pleading the minimum requirements of Rule 9 but suggest additional,

---

[7] As this Court very recently ruled in a companion case **involving Plaintiff DAF and its same counsel**, "a court may also take judicial notice of matters that are part of the public record when considering a motion to dismiss." *Charitable DAF Fund, L.P. v. Highland Cap. Mgmt. L.P. (In re Highland Cap. Mgmt. L.P.)*, 2022 Bankr. LEXIS 2780, at *5 n.4 (Bankr. N.D. Tex. Sep. 30, 2022).

[8] Plaintiffs' objection to Exhibits 13 and 14 is particularly odd given that (a) Highland's Exhibit 13 is a duplicate of Plaintiffs' Exhibit 2 (Pl. Appx. 15-42), and (b) Highland's Exhibit 14—the *Second Amended and Restated Investment Advisory Agreement*—superseded the version of that Agreement that Plaintiffs mistakenly included in their Appendix. *See* Pl. Ex. 6, Appx 207-21. If Plaintiffs want the Court to consider the DAF Advisory Agreement, they should presumably want the Court to consider the operative document and not a stale version.

[9] Notably, with the exception of Exhibit 14, Highland's Appendix offered in support of its current Motion is exactly the same as the Appendix it offered in support of its Original MTD—and Plaintiffs failed to object the first time around, thereby further highlighting the lack of credibility underlying this so-called "motion." *Compare Appendix in Support of Highland Capital Management, L.P.'s Motion to Dismiss the Complaint* [Docket No. 28] *with Appendix in Support of Highland Capital Management, L.P.'s Renewed Motion to Dismiss the Complaint* [Docket No. 124].

3

unpled facts exist. Plaintiffs filed this case on April 12, 2021. Since that time, Plaintiffs have never actually identified any new "facts" or sought leave to amend,[10] despite having vigorously litigated the Original MTD. Even now, while Plaintiffs vaguely assert that they possess further facts to plead viable claims, they fail to disclose or allege any of them. This renders the claims futile. *See Mora v. Angiodynamics, Inc. Defs.*, 2022 U.S. Dist. LEXIS 200544, at *11 (S.D. Tex. Sep. 20, 2022) (denying request in brief for leave to amend where plaintiff did not show that amendment would not be futile), *report & recommendation adopted*, 2022 U.S. Dist. LEXIS 199844 (S.D. Tex. Nov. 1, 2022). Plaintiffs' request for leave to amend should be denied.

II. **THE COMPLAINT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED**

A. **Judicial Estoppel Bars Counts 2 and 5[11]**

7. With respect to Counts 2 and 5, Plaintiffs first allege they only conceded that HarbourVest, not Highland, complied with the Members Agreement, *i.e.*, that Highland still had a supposed obligation to bring the transaction to Plaintiffs. Pl. Mem. at 8. That position contradicts the Decision in which the District Court held that CLOH "made clear in the withdrawal of its objection that it no longer disputed *the other parties' interpretation* of the Right of First Refusal, which now forms the basis of Charitable DAF's second and fifth causes of action." Decision at 16 (emphasis added). The District Court's holding that Plaintiffs' position applied to *all* parties was correct, is law of the case, and is not at issue on remand.[12] Plaintiffs next argue that, because

---

[10] Of course, this excludes *Plaintiffs' Motion for Leave to File First Amended Complaint* filed in the District Court [Case No. 3:21-cv-00842-B, Docket No. 6], in which Plaintiffs improperly sought to name James P. Seery, Jr. as a defendant, an act that resulted in the imposition of a contempt order [Bankr. Docket No. 2660].

[11] On the issue of judicial estoppel, the District Court remanded *solely* "for [a] determination by the bankruptcy court whether the Charitable DAF acted inadvertently to change its legal position." Decision at 18.

[12] Plaintiffs' position in the *first* paragraph of page 8 also contradicts their position in the *second* paragraph of page 8, where they admit that their "contract claims were disclosed [in the Objection] albeit they were withdrawn without prejudice." "Contract claims" necessarily refers to claims with respect to HarbourVest and Highland; all were

4

they did not conceal claims, withdrawal was not inadvertent. Pl. Mem. at 8-9. But, to the extent Plaintiffs now claim their claim is somehow different than the claim they withdrew in the 9019 Objection, they have concealed the claim.

8.  More importantly, as Highland noted (and Plaintiffs concur), a failure to disclose is "'inadvertent' only when, in general, the debtor lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330 (5th Cir. 2004). Here, Plaintiffs' assertion that a purported misrepresentation of the *value* of HarbourVest's interest bears on whether Highland had a *contractual obligation* to offer those interest to Plaintiffs is a *non sequitur*. Plaintiffs knowingly withdrew their contract claim after an investigation of their rights, with full knowledge of the facts, of the contract, and of applicable law.[13] Mem. ¶ 21-24. And Plaintiffs had a motive to conceal; they seek to "reap a windfall" from that concealment. *Id.* ¶ 24.

9.  Finally, Plaintiffs vaguely argue that CLOH would not have withdrawn its objection or would have "made a more robust objection" (whatever that means) had they known of the alleged misrepresentation of value upon which Plaintiffs' tortious interference claim is

---

withdrawn. If their "contract claims" did not include claims in respect of Highland, there would have been nothing to withdraw applicable here.

[13] Plaintiffs cite *Commerce Bank v. Malloy*, 2013 U.S. Dist. LEXIS 106329, at *16 (N.D. Okla. July 30, 2013), for the proposition that "unsuccessful legal position taken during a 9019 hearing are not a basis for finding that judicial estoppel applies" to issues more properly addressed in an adversary proceeding. In fact, in *Commerce Bank*, plaintiff consistently took the position that the issue of assignability of the contract at issue was better dealt with in an adversary proceeding than a 9019 motion and never withdrew that argument. The finding of no judicial estoppel was predicated on plaintiff's consistent assertion of the position, not its validity. Moreover, the Tenth Circuit's view of judicial estoppel—that it relates primarily to assertions of fact—differs from the Fifth Circuit's—that it prevents a party from asserting inconsistent legal positions. Decision at 14. Plaintiffs have taken inconsistent factual and legal positions, and the Decision found as law of the case that judicial estoppel applies subject to a determination of inadvertence.

5

based.[14] Pl. Mem. at 9. This is also a *non sequitur*. HCLOF's value is irrelevant to the contractual interpretation analysis that underlies Counts 2 and 5.

10. Plaintiffs conducted a full investigation of their rights under the Members Agreement; their withdrawal was advertent, voluntary, informed, and intentional. Mem. ¶¶ 21-24.

### B. Plaintiffs Concede Dismissal of Their RICO Claim

11. Because Plaintiffs offer no substantive response to Highland's arguments that Count 4 (RICO) must be dismissed (*see* Mem. ¶¶ 26-39),[15] those arguments are deemed conceded. *See E-Dealer Direct v. Bank of Am., N.A.*, No. EP-21-CV-62-DB, 2021 U.S. Dist. LEXIS 99011, at *21 (W.D. Tex. May 25, 2021). Count 4 must therefore be dismissed.

### C. Plaintiffs' Breach of Fiduciary Duty Claim Fails

12. In response to Highland's arguments in support of its Motion (Mem. ¶¶ 40-46), Plaintiffs argue that: (1) Highland owes Plaintiffs duties under the IAA; (2) they are making a claim under Section 215 of the IAA; (3) state law fiduciary duty claims can be brought for violations of the IAA; (4) fiduciary duties can run to investors in funds and Section 206 of the IAA imposes duties to such investors; (5) CLOH pled its claims derivatively in the alternative; (6) Plaintiffs have alleged breaches of fiduciary duty; and (7) Rule 9(b) does not apply or Plaintiffs have satisfied it. Pl. Mem. at 9-20. Each of these arguments fails as a matter of law and/or were not actually pled in the Complaint.

---

[14] This argument is rank speculation since neither the Plaintiffs' current trustee (Mark Patrick) nor its counsel (Sbaiti & Company PLLC) played any role in the decision to withdraw CLOH's objection; there is simply no foundation for Plaintiffs' argument concerning what Grant Scott (who made the decision to withdraw CLOH's objection) or John Kane (CLOH's counsel) might or might not have done in a hypothetical situation. Rather than speculate, the Court should decide the Motion based on the undisputed facts that Plaintiffs ignore—the intentional withdrawal of CLOH's objection based on a fully informed legal analysis. In the end, Plaintiffs' argument—like their Complaint—is simply an audacious attempt to re-litigate a result they do not like because it was made by someone other than Mr. Dondero.

[15] Plaintiffs do concede that their RICO claim is predicated on securities law violations (Pl. Mem. at 23); consequently, it is not sustainable. Plaintiffs' attempt to voluntarily withdraw their RICO claim and save it for another day fails for the reasons set forth above. *See supra* ¶ 1.

6

13.  *First*, Plaintiffs cannot credibly dispute that no private right of action exists under Section 206 of the IAA (*see* Mem. ¶ 44).  Instead, they simply engage in a bait-and-switch and now assert that "Section 215 recognizes a limited private right of action for equitable relief" (even though Section 215 is not even mentioned in the Complaint).  Pl. Mem. at 12.  But Section 215 provides no cover for Plaintiffs because it imposes no fiduciary duty of any kind.  Rather, Section 215 gives a client of an investment advisor a limited right to void an advisory agreement "***made in violation*** of any provision" of the IAA, not for subsequent breaches.  Mem. ¶ 44 n.29; *NexPoint Diversified Real Estate Tr. v. Acis Cap. Mgmt., L.P.*, 2022 U.S. Dist. LEXIS 142029, at *10 (S.D.N.Y. Aug. 9, 2022) (Section 215 "'voids a contract only where the contract would be invalid under that principle—that is, where the contract was made illegally or requires illegal performance'") (quoting *Omega Overseas, Ltd. v. Griffith*, 2014 U.S. Dist. LEXIS 109781 (S.D.N.Y. Aug. 7, 2014)).  Section 215 is therefore irrelevant because (a) Plaintiffs do not allege that any advisory agreement was "made in violation" of the IAA; (b) Plaintiffs do not seek the equitable remedy of rescission; and (c) even on the most generous reading, Section 215 does not create or impose a fiduciary duty nor does it provide a remedy for post-formation conduct.

14.  *Second*, Plaintiffs do not address their failure to plead the breach of any duty and that is not surprising:  An advisor to a fund does not owe fiduciary duties to fund investors (like CLOH), as this would itself create a conflict of interest.  *See* Mem. ¶ 45; *Mary E. Bivins Found. v. Highland Cap. Mgmt., L.P.*, 451 S.W.3d 104, 113 (Tex. App. 2014) (adopting reasoning in *Goldstein*).  In any event, there was no "taking" of a corporate opportunity here.  As this Court knows, the HarbourVest Transfer was but one component of a broader settlement of HarbourVest's claim against Highland, not the purchase of a security for cash free of extraneous considerations.  Mem. ¶ 46.  Thus, this transaction could not have been offered to Plaintiffs.  Further, the applicable

7

agreements prepared under Mr. Dondero's watch expressly disclosed that Highland could compete with DAF for investments and had no obligation to offer those investments to DAF. Mem. ¶ 45.[16]

15. ***Third***, the Complaint is clear that the only breach of fiduciary duty claims pled were federal, not state claims. *See, e.g*, Compl. ¶ 57 (alleging "federal fiduciary duty"); ¶ 69 (alleging violation of federal regulation); ¶ 74 ("breached the Advisers Act's fiduciary duties"); and ¶ 83 ("federal law makes the duties … unwaivable"). Plaintiffs cannot amend the Complaint by brief to assert new state law claims. *See 360 Sec. Partners, LLC v. Hammond*, No. 3:21-CV-3004-B, 2022 U.S. Dist. LEXIS 140283, at *14 (N.D. Tex. Aug. 8, 2022). But even if they could, state law claims would fail for the same reasons: Highland has complied with all obligations to Plaintiffs and has not violated its duties.

16. ***Fourth***, Plaintiffs have failed to properly plead demand futility for a derivative claim. None of Highland, HCFA, or Mr. Seery controls HCLOF's ability to bring suit. The Complaint makes no allegation as to the corporate management (rather than portfolio management) of HCLOF, aside from a bare, inconsistent allegation that: "[t]o the extent the Court determines that this claim had to have been brought derivatively on behalf of *HCLOF*, then Plaintiffs represent that any pre-suit demand would have been futile since asking *HCM* to bring suit against its principal, Seery, would have been futile." Compl. ¶ 91 (emphasis added). But the issue is not asking *Highland* to bring suit, it is asking *HCLOF*.[17] Even more to the point, at the hearing on the Original MTD, Plaintiffs' counsel stated: "I think that based upon Highland's

---

[16] The twists and gyrations that Mr. Dondero and his "charitable trusts" engage in to try to disavow or nullify the very provisions written to protect him would be amusing if not for the substantial costs and burdens they unfairly place on the court system and Highland's creditors.

[17] The Complaint does not allege, nor could it, that Highland, HCFA, or Mr. Seery controls HCLOF. HCLOF is a Guernsey entity (Compl. ¶ 5) managed by independent directors, and the Complaint makes no allegation that they are under any conflict or disability preventing them from deciding whether HCLOF ought to bring suit against Highland or Mr. Seery. *See Highland CLO Funding, Ltd.'s Brief in Support of its Motion to Dismiss and Joinder in Motion to Dismiss of Highland Capital Management, L.P.*, [Docket No. 58] (Sept. 29, 2021), at 2, 4-6.

arguments and the arguments that we had, I don't think the derivative action is necessary for us to maintain on a go-forward basis. And so we don't oppose them [HCLOF] being dismissed." Nov. 23 Hearing Tr., Docket No. 78, at 97:3-98:2 (filed Nov. 24, 2021). Plaintiffs (1) already told the Court they did not believe a derivative action was necessary and (2) voluntarily dismissed HCLOF with prejudice [Docket No. 80, Dec. 7, 2021]; Plaintiffs cannot now argue the contrary.[18]

17. Finally, Rule 9(b) applies to the fiduciary duty claim, as Plaintiffs have asserted securities law violations, including Section 10 of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, to the pleading of which Rule 9(b) applies. Mem. ¶ 40.

### D. Plaintiffs' Breach of Contract and Tortious Interference Claims Fail

18. Even absent judicial estoppel, Plaintiffs' breach of contract (Count 2) and tortious interference (Count 5) claims fail. HarbourVest's transfer of its interests in HCLOF to a subsidiary of Highland was permitted under the plain and unambiguous terms of the Member Agreement (Ex. 13, Appx. 459-487) and the Right of First Refusal did not apply. Mem. ¶ 48. Plaintiffs' efforts to recharacterize the Transfer as a "sale to Highland" contradicts the facts and the terms of the transaction authorized by this Court in the Settlement Order. As authorized, HarbourVest transferred its interests to HCMLP Investments, LLC ("HCMLPI"), a wholly-owned subsidiary (or "Affiliate") of Highland (Appx. Ex. 10, Appx. 386-409), as part of the settlement of HarbourVest's claim in the Highland case. HCMLPI's status as an "Affiliate" of Highland is established by documents of which the Court may take judicial notice or on which the Complaint relies. *See, e.g.*, Ex. 12 at Appx. at 91 (Highland is HCMLPI's member), Ex. 8 at Appx. 204-05

---

[18] Plaintiffs' interpretation of Guernsey law is also wrong. Under Guernsey law, for a plaintiff to bring a derivative suit it must establish that wrongdoers control the company. *Highland CLO Funding, Ltd.'s Brief in Support of its Motion to Dismiss and Joiner in Motion to Dismiss of Highland Capital Mgmt. L.P.* at 5 [Doc. No. 58] (citing *Jackson v. Dear and Others*, Judgment 10/2013, ¶ 8 (Royal Ct. Guernsey 26 March 2013) (unreported judgment) (*available at* https://www.guernseylegalresources.gg/CHttpHandler.ashx?documentid=63021).

9

(HCMLPI is an affiliate), and Ex. 10 at Appx. 402 (same). HarbourVest's interest could be transferred to an "Affiliate" of Highland under the Members Agreement, and that is the end of the matter.

19.     Plaintiff's tortious interference claim also necessarily fails; it is duplicative of Plaintiffs' breach of contract claim (Mem. ¶ 48) and there is no breach of the Members Agreement (*id.* ¶ 51).[19] Further, Plaintiffs fail to explain how Highland, a party to the Members Agreement, could have interfered with it; only third parties can interfere with a contract. *1st & Trinity Super Majority, LLC v. Milligan*, 2022 Tex. App. LEXIS 4842, at *39 (Tex. App. July 14, 2022).

### E.     Plaintiffs' Negligence Claim Fails

20.     Plaintiffs contend that the basis of their negligence claim is the alleged breach of duty under Section 206(4) of the IAA. Pl. Mem. at 22. But there is no private right of action under Section 206. Mem. ¶ 44. Moreover, the exculpation provision in Highland's Plan, which is *res judicata*, binds Plaintiffs, and cannot be collaterally attacked,[20] bars claims for negligence (Mem. ¶ 50), and Plaintiffs cite no authority barring the application of that provision to (noncognizable) claims of negligence under the IAA. And Plaintiffs essentially concede that any other negligence claim is barred by the exculpation provision. Plaintiffs' negligence claim must be dismissed.

---

[19] Of course, it is axiomatic that tortious interference with contract claims cannot exist in the absence of a contract right with which a defendant can interfere. *See e.g.*, *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 354 (5th Cir. 2021) ("to prevail on an interference claim, the plaintiff must "present evidence that some obligatory provision of a contract [was] breached") (internal quotations omitted). CLOH conceded that Plaintiffs had no contractual right of first refusal; therefore, a claim for tortious interference cannot be viable.

[20] *See Occidental Petro. Corp. v. Sanchez Energy Corp. (In re Sanchez Energy Corp.)*, 631 B.R. 847, 858 (Bankr. S.D. Tex. 2021).

10

### III. CONCLUSION

WHEREFORE, Highland respectfully requests that the Court grant the Motion and enter an order in the form annexed to the Motion as **Exhibit A** and grant such further relief as the it deems just and proper.

Dated:  December 2, 2022

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email: jpomerantz@pszjlaw.com
       jmorris@pszjlaw.com
       gdemo@pszjlaw.com
       hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward (Texas Bar No. 24044908)
Zachery Z. Annable (Texas Bar No. 24053075)
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110
Email: MHayward@HaywardFirm.com
       ZAnnable@HaywardFirm.com

*Counsel for Highland Capital Management, L.P.*

11