SBAITI & COMPANY PLLC
Mazin A. Sbaiti (TX Bar No. 24058096)
Jonathan Bridges (TX Bar No. 24028835)
J.P. Morgan Chase Tower
2200 Ross Avenue, Suite 4900W
Dallas, TX  75201
T:  (214) 432-2899
F:  (214) 853-4367

*Counsel for Charitable DAF Fund, L.P.
and CLO Holdco, Ltd.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | Case No. 19-34054-sgj11 |
| | § | |
| Debtor. | § | |
| | § | |
| CHARITABLE DAF FUND, L.P. AND CLO HOLDCO, LTD., DIRECTLY AND DERIVATIVELY | § | |
| | § | |
| Plaintiffs, | § | Adversary Proceeding No. |
| | § | |
| vs. | § | 21-03067-sgj |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., HIGHLAND HCF ADVISOR, LTD., AND HIGHLAND CLO FUNDING LTD., NOMINALLY | § | |
| | § | |
| Defendants. | § | |

**REPLY IN SUPPORT OF RENEWED MOTION TO WITHDRAW REFERENCE**

Plaintiffs The Charitable DAF Fund, L.P. and CLO Holdco, Ltd. respectfully submit this Reply in support of their Renewed Motion to Withdraw the Reference as follows:

In its response brief, Defendant Highland Capital Management, L.P. does not dispute that Plaintiffs first moved to withdraw the reference under 28 U.S.C. § 157(d) on June 29, 2021 (Dkt. 36), in the district court, or that the district court referred the entire action to this Court without addressing the merits of that motion. It merely argues that Plaintiffs should have re-urged their motion sooner. This Court's statutory jurisdiction is not so easily established.

Neither does the response brief dispute that Plaintiffs' pending claims "require[] consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," as § 157(d) requires. It only questions the complexity of the laws at issue and contends that this Court has sufficient experience to consider them. These arguments do not undo § 157(d)'s jurisdictional bar. Plaintiffs' motion should be granted.

**A. Plaintiffs Have Not Waived Jurisdiction**

At the outset of this action, Plaintiffs asserted that this Court lacked jurisdiction under § 157(d). Motion for Leave to File First Amended Complaint, 6-7 (Dkt. 6). Plaintiffs moved to withdraw the reference shortly thereafter in their Response and Cross Motion on June 29, 2021 (Dkt. 36). Plaintiffs have maintained this position consistently in repeated filings. Plaintiffs' Amended Motion to Stay All Proceedings, Exhibit A, Proposed Motion to Withdraw Reference (Dkt. 60-1); Renewed Motion to Withdraw Reference (Dkt. 128). The timing of the re-urging of Plaintiffs' motion cannot create jurisdiction where there is none.

The plain language of § 157(d) mandates withdrawal of the reference following a timely motion. There is no additional requirement that a party must repeat its objection to the authority of the Bankruptcy Court through a re-urged or renewed motion to withdraw reference according to a particular timeframe. And Highland points to no authority indicating otherwise.

Highland attempts to bolster its waiver argument with reference to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. But that rule, by its own terms, applies only to responsive pleadings. "Pleading" is a term of art in the Federal Rules, and what can constitute a pleading is enumerated exhaustively in Rule 7(a) of the Federal Rules of Civil Procedure, made applicable by Rule 7007, FRBP. *See* Fed. R. Civ. P. 7(a) ("Pleadings. Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.") Plaintiffs have filed none of the above except for their Original Complaint, which is certainly not a "responsive" pleading. Rule 7012(b) therefore does not apply.[1]

Because Plaintiffs' June 29, 2021 motion was timely, and because subject matter jurisdiction cannot be established by waiver, Highland's principal argument against withdrawal of the reference fails.

**B. Plaintiffs Have Established That Consideration of the Advisers Act Is Necessary**

Plaintiffs have established—and Highland does not dispute—that withdrawal of the reference is mandatory under § 157(d) when a federal law, such as the Advisers Act, must be considered. Renewed Motion to Withdraw the Reference [Dkt. 128] at 2-3. Highland likewise does not dispute that resolving its pending Renewed Motion to Dismiss will require analysis of the Advisers Act. Instead, Highland argues only that such analysis will be simple and immaterial. This is incorrect.

---

[1] If the Renewed Motion has triggered a contested matter, under Rule 9014 of the Rules of Bankruptcy Procedure, it is clear that Rule 7012 is not applicable ("(c) Application of Part VII Rules. Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071.").

As Plaintiffs demonstrated in their opening brief, the likelihood of anything more than simple application of federal securities laws is sufficient to trigger mandatory withdrawal under § 157(d). *See In re Harrah s Entm t*, No. 95-3925, 1996 U.S. Dist. LEXIS 18097, at *7-8 (E.D. La. 1996) (rejecting argument that the case would "only involve the simple application of established federal securities laws" where plaintiff alleged violation of such laws and was attempting "to hold defendants directly liable and secondarily liable based on a 'controlling person' theory for certain acts and omissions"); *id.* at *7-8, 11 (concluding, "This federal securities litigation involves more than simple application of federal securities laws and will be complicated enough to warrant mandatory withdrawal under § 157(d)," and citing *In re Rannd Res.*, 175 B.R. 393, 396 (D. Nev. 1994), for the proposition that withdrawal of the reference is mandatory where resolution requires more than simple application of federal securities laws); *In re Cont l Airlines Corp.*, 50 B.R. 342, 360 (S.D. Tex. 1985), aff'd, 790 F.2d 35 (5th Cir. 1986) ("While that second clause [of § 157(d)] might not apply when some 'other law' only tangentially affects the proceeding, it surely does apply when federal labor legislation will likely be material to the proceeding's resolution.").

That more than simple application of the Advisers Act is required is amply demonstrated by the parties' briefing of the pending Renewed Motion to Dismiss Complaint, which Plaintiffs incorporate by reference here. *See e.g.,* Plaintiffs' Response to Renewed Motion to Dismiss Complaint [Dkt. 129] at 12-13 & n.3 (explaining the viability of an action for breach of fiduciary duties imposed by the Adviser Act and explaining Highland's inability to circumvent those duties via the internal-affairs doctrine); *id.* at 14-15 & n.4 (invoking Rule 206(4)-8, promulgated under 17 C.F.R. § 275.206(4)-8, as governing the duties owed by advisors to "pooled investment vehicles" and explaining how Highland qualifies as such).

Case 21-03067-sgj Doc 144 Filed 12/16/22 Entered 12/16/22 15:58:47 Desc Main
Document Page 5 of 6

Neither does Highland's specious core-jurisdiction argument save the day, as the mandatory withdrawal provisions of § 157(d) apply even to matters within a bankruptcy court's core jurisdiction. *See, e.g.*, *In re Bos. Generating, LLC*, No. 10-cv-6528, 2010 U.S. Dist. LEXIS 116073, at *14–15 (S.D.N.Y. Nov. 1, 2010) (quoting *New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991) for the proposition, "[M]atters within [the bankruptcy court's 'core' jurisdiction, upon timely motion, must be withdrawn under § 157(d) if they require the bankruptcy court to substantially interpret federal statutes which affect interstate commerce.") (alterations in original); *cf. Stern v. Marshall*, 564 U.S. 462, 499 (2011) (holding that Congress cannot bypass Article III and create jurisdiction in bankruptcy court "simply because a proceeding may have some bearing on a bankruptcy case"); *In re Prescription Home Health Care*, 316 F.3d 542, 548 (5th Cir. 2002) (rejecting "the theory that a bankruptcy court has jurisdiction to enjoin any activity that threatens the debtor's reorganization prospects").

Because the resolution of this case—indeed, the resolution of the pending Renewed Motion to Dismiss—will require consideration of federal securities law, withdrawal of the reference is mandatory.

## **CONCLUSION**

For all these reasons, Plaintiffs respectfully submit that the motion should be granted.

Reply in Support of Renewed Motion to Withdraw Reference　　　　　　　　　　Page 5

Dated:  December 16, 2022          Respectfully submitted,

**SBAITI & COMPANY PLLC**

*/s/ Jonathan Bridges*
**Mazin A. Sbaiti**
Texas Bar No. 24058096
**Jonathan Bridges**
Texas Bar No. 24028835
2200 Ross Avenue – Suite 4900W
Dallas, TX  75201
T: (214) 432-2899
F: (214) 853-4367
E: mas@sbaitilaw.com
   jeb@sbaitilaw.com

**Counsel for Plaintiffs**